PEOPLE ex rel. EAGLE FIRE INS. CO. v. COMMISSIONERS OF TAXES AND ASSESSMENTS.

(Supreme Court, Special Term, New York County.   January, 1894.)

1. TAXATION—CERTIORARI TO REVIEW—RETURN.
   The return to a certiorari to review an assessment against an insurance company by the tax commissioners of New York city stated that theretofore a bill had been introduced in the legislature for the taxation of insurance companies, and was opposed by New York city on the ground that it would exempt such companies from taxation for local purposes; that the representatives of such companies assured the representatives of the city that the companies would never claim such effect, whereupon the opposition was withdrawn, and the bill was passed.   *Held*, that such averment was material, as setting up a waiver of any claim of exemption under such statute.

2. SAME—OBJECTIONS NOT RAISED BEFORE COMMISSIONERS.
   Certiorari will not lie to review a tax assessment for any other or different cause or grievance than was submitted to the assessing officers.

3. SAME—PETITION.
   A petition for certiorari to review a tax assessment, which merely alleges that relator was exempt from taxation, does not comply with Laws 1880, c. 269, § 1, which provides that the petition shall specify the grounds of the alleged illegality.

4. SAME—SPECIFICATION OF ILLEGALITY.
   Nor is it a sufficient specification to state that the several kinds of property of relator were overvalued in certain sums, and that relator was entitled to a deduction on the valuation of certain other property.

5. SAME—AMENDMENT OF PETITION.
   Under Laws 1880, c. 269, which provides that certiorari will not be granted unless application therefor shall be made within 15 days after the

completion and delivery of the assessment roll, a petition which fails to specify the ground of the illegality relied on cannot, after the lapse of 15 days, be amended by inserting the specification.

Certiorari by the Eagle Fire Insurance Company to review a tax assessment by the commissioners of taxes and assessments of New York city.

Brownell & Lathrop, (Esek Cowen and Silas B. Brownell, of counsel,) for relator.

Wm. H. Clark, Counsel to the Corporation, (James M. Ward, of counsel,) for respondents.

ANDREWS, J. This is a proceeding brought under chapter 269 of the Laws of 1880 to review the assessment of the personal property of the relator made by the commissioners of taxes and assessments in the year 1889. A writ of certiorari was duly issued to the respondents, who filed their return thereto, and the relators thereupon served notice of trial, and brought the proceeding to a hearing at special term. When the proceeding was reached in its order on the day calendar, the relator's counsel moved to strike out certain portions of the return, and the counsel to the corporation resisted such motion upon the ground that it was made too late, and also upon the merits. Such motion was thereupon argued upon both of said grounds, and, the court having temporarily reserved its decision upon the motion, further argument upon the merits of the case was then had; the counsel to the corporation claiming that the petition upon which the writ was issued was fatally defective upon its face, and that the writ ought to be quashed, and the counsel for the relators contending that the petition was sufficient, and that, whether the motion to strike out portions of the return should be granted or not, the relators ought to have judgment in their favor entirely vacating the assessment; and the court then took the whole matter under advisement.

It is doubtful whether the objection that the motion to strike out portions of the return, and the motion to strike out copies of certain affidavits, and of a letter attached to the return, are made too late, can be sustained, but I am of the opinion that such motion should be denied upon the merits. The portion of the return which the relator seeks to have stricken from the record is, briefly and in substance, as follows: That in the year 1886 a bill was introduced in the legislature which related to the taxation of insurance companies; that such bill was opposed by the public authorities of the city of New York upon the ground that if it became a law it would exempt such companies from all taxation for local purposes; that the representative of such companies at Albany thereupon assured the representatives of such public authorities that the bill, if it became a law, would not have such effect, and that the companies would never claim before the tax commissioners that it did have such effect; that thereupon the attorney general of the state, having given a written opinion that the bill, if it became a law, would not have the effect of releasing such companies from taxation for

local purposes, the public authorities of the city of New York withdrew their opposition to the bill, which was passed by the legislature and signed by the governor. It is not necessary, for the purposes of this proceeding, to decide whether the then representative of such insurance companies did make such an agreement as is above described, or whether the same, if made, was binding upon the relators or other insurance companies, and operated to prevent the relators and other such companies from afterward setting up the claim that under such law they were totally exempt from taxation for local purposes. Whether that be so or not, I think the facts so set up in the return may be competent and material evidence upon the question whether the relator did afterward claim, before such tax commissioners, that, under the provisions of said act of 1886, it was wholly exempt from taxation for local purposes, and also upon the question whether, under all the circumstances of the case, the relator must be regarded as having waived all claim to such exemption. The motion to strike out such portions of the return will therefore be denied; and, as the copies of affidavits and of the letter are made portions of the return, the motion to strike those out will also be denied. If, however, the relator desires a reference to take testimony as to the truth of the allegations of the return which it is sought to have stricken out, an order for such a reference will be granted.

Irrespective, however, of the portions of the return which the relator seeks to have stricken out, it seems to me that the writ of certiorari should be quashed, for several reasons:

1. It appears by the return that the relator never claimed before the tax commissioners that it was exempt from taxation for local purposes by reason of the provisions of chapter 679 of the Laws of 1886. After the passage of chapter 542 of the Laws of 1880, the relator and other insurance companies claimed that they were exempt from any assessment upon their personal property for the purpose of local taxation. This claim was decided against the insurance companies in the case of People v. Davenport, decided in March, 1883, 91 N. Y. 574. It has never been claimed that between 1883 and 1886 any statute was in existence which exempted the relator from assessment for the purpose of local taxation. It appears that, upon petitions identical in form with the petition now before the court, the relator and other insurance companies sued out writs of certiorari to review assessments made by the tax commissioners during the years 1883, 1884, 1885, 1886, 1887, 1888, 1889, and 1890. It also appears that the statements filed by the relator with the tax commissioners from 1880 to 1883, when the above-mentioned Westchester Fire Insurance Company Case was decided against the company by the court of appeals, and from 1883 down to date, including the years 1883, 1884, 1885, and 1886, when there was no law in existence upon which a contention for total exemption could be based, contained, in the same words, the same claim that had been made before the tax commissioners when the true construction of the act of 1880 was in controversy. The

claim made in the statement submitted by the relator in the year 1889 was as follows:

"Said corporation insists that all the personal property of the said corporation was on the said second Monday of January, 1889, by the laws of the state of New York, exempted from assessments or taxation."

Now, this is precisely the claim which the relator made under the said act of 1880, and also during the several years that followed the decision in the Westchester Fire Insurance Case, and during which years it is not claimed that any statute exempted the relator from taxation, and during several years after the passage of said act, (chapter 679 of the Laws of 1886.) It thus appears that while the relator, during the entire period from 1880 to 1890, claimed before the tax commissioners that it was exempt from taxation for local purposes, such claim was always made in the same general terms; and that after the passage of said act (chapter 679 of the Laws of 1886) the relator did not call the attention of the tax commissioners to the fact that it claimed such exemption under that statute. If it be true, as alleged in the return, that the relator and other insurance companies had agreed not to claim exemption from local taxation under said act of 1886, that fact would tend to explain why such claim was not specifically made, and to show that the claim to exemption made in general terms in the statements presented to the tax commissioners after the passage of the act of 1886 was not intended to include a claim to exemption under that statute. It has been held that where a corporation sought to review an assessment, under the provisions of chapter 269 of the Laws of 1880, on the ground of overvaluation, or of irregularity, it could not succeed, because it had omitted to apply to the tax commissioners for relief under the statute of 1859. People ex rel. Mutual Union Tel. Co. v. Commissioners of Taxes, 99 N. Y. 257, 1 N. E. 773; People ex rel. Central Park, N. & E. R. Co. v. Commissioners of Taxes, (Sup.) 4 N. Y. Supp. 41. It seems to me that under the doctrine laid down in these cases, as the relator did not call the attention of the tax commissioners to the fact that it claimed exemption under said act of 1886, it cannot maintain this proceeding.

2. If the allegations of the return, as to the agreement made by the representative of the relator with the representative of the public authorities not to claim exemption from taxation for local purposes under the act of 1886 are to be considered as true, such agreement, taken in connection with the failure of the relator to specifically claim exemption under the act of 1886 would seem to warrant the inference that the relator intended to waive, and did waive, all claim to exemption from taxation for local purposes under that statute, and that this proceeding cannot, therefore, be maintained.

3. The writ must be quashed upon the ground that the petition upon which the writ is based does not set up, as a ground of the alleged illegality of the action of the tax commissioners, the fact

that the property of the relator was totally exempt from taxation for local purposes, either under said chapter 679 of the Laws of 1886, or under any other statute.    Section 1, c. 269, of the Laws of 1880, provides as follows:

"A writ of certiorari may be allowed by the supreme court on the petition duly verified of any person or corporation, assessed and claiming to be aggrieved to review an assessment of real or personal property for the purposes of taxation, made in any town, ward, village, or city of this state, when the petition shall set forth that the assessment is illegal, specifying the grounds of the alleged illegality, or is erroneous by reason of overvaluation, or is unequal," etc.

The petition upon which this writ was issued, as above stated, wholly fails to specify, as a ground of illegality of the assessment, that the property of the relator was exempt from taxation for local purposes under said act of 1886, or under any other statute.    The said petition, which is upon a printed form, contains the following:

"That prior to the 1st day of May, 1889, the said corporation petitioner duly protested, claimed, insisted, and demanded from said commissioners of taxes and assessments that all the personal property and bank shares of said corporation were on the second Monday of January, 1889, by the laws of the state of New York, exempted, and now is exempt, from assessment or taxation, and that the said commissioners of taxes and assessments omit and strike from the Book of Annual Record of the Assessed Valuation of Real and Personal Estate of the City of New York the name of said corporation, and the amount inserted therein as the valuation and assessment of the personal property and bank shares of said corporation for the year 1889, upon the ground that all the personal property and bank shares of the said corporation are exempted from assessment or taxation by the laws of the state of New York; and also that said commissioners make no assessment or valuation of the personal property or bank shares of said corporation for the purpose of taxation for said purpose."

This is not a statement of the grounds of illegality required by section 1 of chapter 269 of the Laws of 1880, but is a mere recital of what is alleged to have taken place before the tax commissioners at some time between the second Monday of January and the 1st of May, 1889.    In a subsequent portion of the petition the grounds of the alleged illegality are stated as follows:

"And your petitioner shows that the said assessment upon the said valuation of said personal property and bank shares for the purpose of taxation, is illegal, invalid, and void and erroneous, and that your petitioner will be injured by such illegal and erroneous assessment, and your petitioner specifies the following grounds of illegality and error: That the said commissioners have overestimated the valuation of capital and surplus for the purpose of taxation, and illegally and erroneously included in their valuation of the personal property of the said corporation on said roll the following sums, to wit: First. The sum of $173,000 overvaluation upon its real estate, which is assessed and valued on said roll by the commissioners at the sum of $276,000, and in the valuation of the capital and surplus at the sum of $449,000.  Second. The sum of $94,450 overvaluation upon premiums in course of collection, which were included in the valuation and assessment of the capital and the surplus at $18,890.    Third. The sum of $391,634 overvaluation of the capital stock and surplus, which the said commissioners assessed and valued at $976,534, when it was in evidence and proved before them that at the time of said assessment, and for the whole preceding year, the actual highest market value of the capital stock of said company, including its surplus, was the sum of $585,000.    Fourth. That the said corporation is also entitled to a deduction and allowance upon the valuation for taxation of bank shares

belonging to it for such sums as should have been allowed or deducted from the net valuation of the capital and surplus for taxation if the said bank shares had been included therein, and assessed as part of such capital and surplus. That the said commissioners have not allowed the following items of deduction, or some part thereof, upon the statement and valuation on the gross assets of said corporation, to wit: [Then follow nine items, aggregating over a million of dollars, which, it is claimed, should have been allowed.]"

The above quotation includes all the specifications of grounds of illegality and error which are contained in the said petition. It is contended by the learned counsel for the relator that the above-quoted recital of what is alleged to have taken place before the commissioners is to be regarded as a specification of a ground of illegality, within the meaning of section 1 of said chapter 269 of the Laws of 1880. It seems to me too clear for argument that this contention has no foundation whatever. Such recital, upon its face, is not a specification of a ground of illegality or error. It does not purport to be, and is not, a specification of such a ground. It is merely a history of what is alleged to have taken place before the tax commissioners prior to the time when the settlement was made. The draughtsman of the petition was evidently familiar with the provision of said section 1, c. 269, and knew that it was necessary to specify in the petition the grounds of alleged illegality and error. Accordingly, after reciting what was purely matter of history, he proceeds to specify the grounds as above stated. It would be easy to conjecture why the alleged exemption from taxation for local purposes was not specified as a ground of illegality if such conjecture were permissible. The relator, as well as other companies, had for years filed statements in which they did formally state that they were exempt from taxation for local purposes; but they had not, since the passage of the act, (chapter 679 of the Laws of 1886,) made any specific claim that that statute totally exempted them from taxation for local purposes; and it was therefore entirely natural that when the petition in question was drawn the draughtsman should omit to specify the alleged total exemption from taxation for local purposes under said act of 1886 as a ground of illegality. But, whatever may have been the reason for the omission, the fact is patent that the alleged total exemption from taxation for local purposes is not specified as a ground of illegality; and the mere fact that the petition states in its preamble that a claim of total exemption was made before the tax commissioners does not and cannot make such alleged exemption one of the grounds of illegality upon which the right to the writ of certiorari was claimed. The relator might have presented any number of claims to the tax commissioners, either for entire or partial exemption from taxation, and then it could have elected to abandon a portion of the same when it came to present its petition to the court, and to ask for the issuance of a writ of certiorari to review the action of the tax commissioners.

4. The counsel for the relator asks that, if the court sustains the objection that total exemption from liability is not specified as a ground of illegality and error, the petition be amended by inserting a proper allegation to that effect. This application cannot be

granted.   The act (chapter 269 of the Laws of 1880) made a complete revolution in the proceedings to review the assessments made for the purpose of taxation, and section 2 of said act contains a short statute of limitations.   It is therein provided, among other things, as follows:

"The writ shall not be granted unless application therefor shall be made within fifteen days after the completion and delivery of the assessment roll and notice thereof is given as provided in this act."

Under the provisions of section 1, such writ may be allowed only upon a petition, duly verified, of the person or corporation assessed and claiming to be aggrieved, when the petition shall set forth that the assessment is illegal, specifying the grounds of the alleged illegality, or is erroneous by reason of overvaluation, etc.   The foundation of the proceeding is the petition, which must specify the grounds of illegality or error, and the court has no more power to allow the petition to be amended in the manner asked for than it would have to permit a complaint in an action to be amended so as to set up a new cause of action which was barred by the statute of limitations.

5. It is strenuously insisted by the learned counsel for the relator that the objection taken by the counsel for the corporation that the petition is defective in not setting up total exemption from liability to taxation as a ground of illegality is highly technical, and that it would be very unjust to the relator to sustain the same, and thereby compel the relator to pay taxes during years when its property was exempt by law from taxation for local purposes.   On the other hand, it seems to me that the court should not be astute in endeavoring to construe the statute in such manner as to relieve the relator from the payment of the taxes in question, and that it would be very unjust to the city and to other taxpayers if the relator should succeed in avoiding the payment of the same.   In considering this point, I assume the truth of the following facts, part of which are set up in the return, and part of which are established by evidence, namely:   At the instance of the relator and other insurance companies, in the year 1887, a bill was introduced in the legislature which provided for the taxation of insurance companies for state purposes; and such bill provided for a tax upon premiums, which was to be paid to the state treasurer.   The public authorities in this city, through their representatives at Albany, promptly objected to this bill, and claimed that it might be construed as relieving insurance companies from all taxation for local purposes. The representative of the insurance companies assured the representatives of the public authorities of the city that the insurance companies did not seek to avoid taxation for local purposes, and that the bill in question, if it became a law, would not enable them to do so.   The opinion of the attorney general was solicited and given, to the effect that if the bill became a law the insurance companies would still be liable to taxation for local purposes.   Under these circumstances, the public authorities of the city withdrew their opposition to the bill, and it was passed by the legislature and signed by the governor, although it is inconceivable that if such

opposition had continued the bill could ever have become a law. Subsequently, the insurance companies filed statements similar to those which they had filed for some years previously, but making no reference to the statute, and making no claim to exemption under it. The tax commissioners, believing that said companies made no such claim, and intended to make none, thereupon assessed their property, and in due course of time the taxes based upon such assessment were imposed upon said companies. Finally, after this method of procedure had gone on for several years, a company, which was not represented at Albany when the bill aforesaid was presented, instituted a proceeding to review the action of the tax commissioners; and it was finally held by the court of appeals, in the year 1890, that the said act of 1886 did exempt insurance companies from all liability for local taxation. The very next year after this decision was made, the legislature amended said act of 1886 so as to put an end to such unjust and unfair exemption. In the mean while, however, the relator and other companies who had made no specific claim to exemption under said act of 1886 suddenly awoke to the fact that they, too, might claim exemption from local taxation under said act of 1886, although prior to said last-named decision no such claim had ever been specifically made on their behalf. The practical effect of sustaining this claim will be to deprive the city treasurer of a large amount of taxes, which, if the present claim had been seasonably made, would have been imposed upon other property, and would have been collected and paid into the city treasury. Assuming the facts above set forth to exist, I fail to see how the case presented by the relator commends itself to the favorable consideration of the court, or how the ends of justice will be furthered by permitting the relator to escape the payment of the tax in question.

6. The writ of certiorari will be quashed, but, as above stated, if the relator desires to take testimony with regard to the matters set up in the return which it moved to strike out, it may have an order of reference for that purpose. I have not considered it necessary or important, for the protection of the rights of the relator, to direct such a reference before disposing of this case, because I am of the opinion that if such matters be wholly disregarded the writ should nevertheless be quashed, for the reasons hereinbefore set forth; and any testimony, therefore, which may be taken upon such a reference, would not have affected the result, so far as the present hearing is concerned. The order will be settled on notice.