THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH WECHSLER,    `84h 445` `f 56ad 53`
Respondent, v. WILLIAM HARKNESS and Others, Constituting the
Board of Assessors of the City of Brooklyn, Appellants.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM M.
BRASHER, Respondent, v. SAME, Appellants.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH WUESTL,
Respondent, v. SAME, Appellants.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. FREDERICK MARX
and Another, Respondents, v. SAME, Appellants.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JEREMIAH P.
ROBINSON and Others, Respondents, v. SAME, Appellants.

*Assessment — review thereof under chapter* 269 *of* 1880 *— necessary allegations of the petition.*

Chapter 269 of the Laws of 1880 was designed to furnish a remedy for illegality, inequality or error in assessments, and the petition in proceedings instituted thereunder stands in the place of a complaint.

While it is only necessary to state therein resultant facts as contradistinguished from evidentiary facts, yet such facts must be stated in such a way as would justify the granting of the relief sought if the allegations were all admitted,

and an allegation contained therein that the assessment upon the property of the petitioner is erroneous, unequal and disproportionate because his property is not assessed at the same proportionate valuation as other real property on the same assessment roll, or an allegation that his property is assessed at a higher proportionate valuation than other property on the same roll, is insufficient.

The petitioner must show a state of facts from which a presumption justly arises that the inequality of which he complains will subject him to the payment of more than his just proportion of the aggregate tax, and this presumption is not raised by proof that in a particular instance property is assessed at a proportionately lower valuation than his own.

APPEAL by the respondents, William Harkness and others, constituting the board of assessors of the city of Brooklyn, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 28th day of August, 1894, in the first above-entitled proceeding, denying the respondents' motion to quash the writ of certiorari issued out of the Supreme Court and attested on the 27th day of August, 1894, upon the ground that the papers upon which the same was granted were insufficient, and that the writ was not in accord with the statute.

Also like notices of appeal in each of the other above-entitled proceedings.

*Albert G. McDonald* and *Henry Yonge,* for the appellants.

*J. Stewart Ross* and *Paul Grant,* for the respondents.

DYKMAN, J.:

Proceedings were instituted in all the above-entitled actions to review the action of the board of assessors of the city of Brooklyn in the assessment of the property of the relators located in that city.

The proceedings in each case were based upon a petition which prayed for a writ of certiorari, and, after the issuance of the writ, the defendants in each case made a motion at Special Term to quash the same. The motion was denied in each case, and defendants have appealed in each.

The real question upon the motion and upon these appeals has reference to the petition which is challenged for insufficiency.

In the view we take of the question it will be only necessary for us to examine the statement of the grievance of the relators. In that respect the petitions are substantially the same, and the allega-

tion in respect to inequality is that the action of the board of assessors in making the assessment of the property of the relators is erroneous, unequal and disproportionate, for the reason that such property is not assessed at the same proportionate valuation as other real property on the same assessment roll. In the case of Wechsler the allegation is that such assessment has been made at a higher proportionate valuation than other real estate on the same assessment roll.

These proceedings are prosecuted under and in pursuance of chapter 269 of the Laws of 1880.

The 1st section of that act provides for the allowance of certiorari upon a duly verified petition to review an assessment of property when the petition shall set forth that the assessment is illegal, specifying the grounds of the alleged illegality, or is erroneous by reason of overvaluation, or is unequal in that the assessment has been made at a higher proportionate valuation than other real or personal property on the same roll by the same officers, and that the petitioner is or will be injured by such alleged illegal, erroneous or unequal assessment. The statute, therefore, was designed to furnish a remedy for illegality, inequality or error. These relators complain of inequality, and base their claim for relief upon that ground.

The proceeding is initiated by a petition which thus stands in the place of a complaint, and, while it is necessary only to state resultant facts, as contradistinguished from evidentiary facts, yet such facts must be stated in such a way as would justify the granting of the relief sought if the allegations were all admitted.

These relators, except Wechsler, all complain that their assessments are unequal and disproportionate, because their property is not assessed in the same proportionate valuation as other real property on the same assessment roll; that, however, is not an allegation that their property is assessed at a higher proportionate valuation than other property on the same roll, and such an averment is made essential by the 1st section of the statute.

Wechsler, as we have seen, charges that his assessment has been made at a higher proportionate valuation than other property on the same roll, and that may be true if one piece of property is lower in proportion than his property.

It is noticeable that none of these relators allege that their property is assessed at an overvaluation, or that it is assessed at a higher

proportionate rate than property is generally assessed on the same roll, and unless such is the fact, they have sustained no injury and are entitled to no relief. (*People ex rel. Allen* v. *Badgley*, 138 N. Y. 314.)

The best exposition of the scope and design of the statute under consideration which has been given by the courts was rendered by Judge ANDREWS in the case of *The People ex rel. Warren* v. *Carter* (109 N. Y. 576), where he said : " The petitioner must show a state of facts from which a presumption justly arises that the inequality of which he complains will subject him to the payment of more than his just proportion of the aggregate tax, and this presumption is not raised by proof that in a particular instance property is assessed at a proportionately lower valuation than his own."

Tested by this rule and the decision of the court in that case and the case of *People ex rel. Allen* v. *Badgley* (138 N. Y. 317), we deem all the petitions in these cases defective and insufficient.

That conclusion renders the examination of the other questions raised unnecessary, and the orders appealed from should all be reversed, with ten dollars costs and disbursements in each case.

