(1 App. Div. 577.)

PEOPLE ex rel. KIEBRICK v. ROOSEVELT et al., Commissioners.

(Supreme Court, Appellate Division, First Department. February 21, 1896.)

POLICEMEN—DISMISSAL—EVIDENCE NOT PRESENTED ON HEARING.
> Where the record of a police officer was not introduced on his trial before the commissioners, and the officer had no opportunity to explain it, it is error to consider it, in connection with the evidence, on the question of his guilt.

Certiorari by Jacob Kiebrick to review the proceeding of Theodore Roosevelt and others, commissioners of the police department of the city of New York, resulting in the dismissal of relator from the police force of the police department of said city. Proceeding annulled.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

Tierney & Halsey, for relator.
Francis M. Scott, for respondents.

BARRETT, J. The respondents, in their return, specifically state that, after the relator's trial had ended, they considered his record upon the question of guilt. It was upon "due consideration" (so they say) of this record, in connection with the testimony, that they

determined that he "was guilty as charged." This was clearly erroneous. People v. French, 119 N. Y. 505, 23 N. E. 1061; People v. MacLean, 57 Hun, 141, 10 N. Y. Supp. 803. The record was not introduced upon the trial, and the accused had no opportunity of explaining it. It was read and considered in his absence and without his knowledge; and certainly it was highly prejudicial, for there was a close question of veracity between the relator, the relator's witnesses, and the complaining witness. It may well be that, notwithstanding the numerical preponderance of testimony upon the relator's side, this record turned the scale. . If the record should be treated as the knowledge of the commissioners, in that it is part of the records of the department, still it was improperly considered, for, as was said in People v. French, supra, "they may neither act upon their own knowledge nor supplement the evidence with their own knowledge."

. The proceedings had should be annulled, and the relator reinstated, with $50 costs and disbursements. All concur.

