(17 App. Div. 301.)

PEOPLE ex rel. O'NEILL v. ROOSEVELT et al.

(Supreme Court, Appellate Division, First Department. May 7, 1897.)

POLICEMEN—DISMISSAL—PREVIOUS RECORD.
  Police commissioners, in considering the punishment to be inflicted on a policeman whom they have found guilty of the charges preferred, may consider his previous record, though it was not in evidence on the hearing of the charges.

Certiorari by William F. O'Neill to review the decision of Theodore Roosevelt and others, police commissioners, dismissing the relator from the police force of New York City. Affirmed.

Argued before RUMSEY, WILLIAMS, O'BRIEN, INGRAHAM, and PARKER, JJ.

Louis J. Grant, for relator.
Theodore Connoly, for respondents.

RUMSEY, J.    The relator was charged with drunkenness on duty. Upon his trial, evidence was given which tended strongly to sustain the charges; and, although there was evidence in contradiction, the commissioners, upon a consideration of the whole case, found the relator guilty, and sentenced him to be dismissed from the police force. The testimony was conflicting, and a jury would certainly have been warranted in finding that the case against the relator was established.    The conclusion of the police commissioners upon the fact that the relator was guilty therefore must be affirmed.

The relator complains that his record was referred to by the commissioners upon the question of his guilt, although it was not put in evidence, and he was not allowed an opportunity to explain it. If that were so, it would be error, within the case of People v. Roosevelt, 1 App. Div. 577, 37 N. Y. Supp. 488; but, in the absence of evidence, it cannot be assumed that such was the fact.    It appears by the return that the record of the relator was not considered in passing upon the question of his guilt or innocence of the charges upon which he was tried.    The proceedings of the commissioners at the time of the removal are returned, and the judgment that the charges were true purports to have been made upon the proofs and allegations in relation to them, and it does not appear that anything else was con-

sidered than those proofs. The return upon that, as upon all other matters, must be taken as true. People v. Wurster, 149 N. Y. 549, 44 N. E. 298. If, as asserted by the relator, his record was referred to by the commissioners in deciding the question of his guilt or innocence, that fact should have been made to appear by the return. As it does not appear, we must assume, as was assumed by the court in People v. Roosevelt, 2 App. Div. 536, 38 N. Y. Supp. 27, that the record itself was not considered, and had no bearing upon the question of his guilt. After the respondents had determined that the relator was guilty of the charges against him, it was perfectly proper that they should consider his record, upon the question of the punishment to be inflicted upon him. If it was used only for that purpose, its use was entirely unobjectionable; and, upon the facts which are made to appear here, we must assume that the record was used for no other purpose than it might properly have been used for.

We find no error in the proceedings, and they should be affirmed, with costs. All concur.