(50 App. Div. 359.)

PEOPLE ex rel. DERMODY v. YORK et al., Police Com'rs.

(Supreme Court, Appellate Division, First Department. April 20, 1900.)

MUNICIPAL CORPORATIONS—POLICEMEN—DISCHARGE—CERTIORARI—REVIEW.

Where, on certiorari to review relator's discharge from the police department of the city of New York, it appeared that the police commissioners, at the termination of relator's trial, considered his record as a member of the department, in determining his guilt, without such record having been introduced in evidence, the proceedings will be annulled and a new trial ordered, since such record could only be considered after its introduction in evidence for the purpose of determining relator's punishment.

Certiorari by the people, on the relation of Joseph T. Dermody, against Bernard J. York and others, board of police commissioners, etc., to review relator's discharge from the police force by the police commissioners of the city of New York. Proceedings annulled.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

H. K. Coddington, for relator.
Terence Farley, for respondents.

O'BRIEN, J. The relator herein was charged with conduct unbecoming an officer; the specifications, in substance, being that on No-

vember 14, 1897, he entered the back room of a café on Allen street, this city, and accosted one Moses Abramsky, and, after arousing him from a sleep, took from his pocket a gold watch, chain, and locket, which, on demand, he refused to deliver. By the return to the writ it appears that at the termination of the trial or hearing the relator's record was considered by the commissioners, in addition to the testimony on the trial, and the relator was found guilty.

We have had frequent occasion to state the rule that, although the record of an officer on trial may be introduced in evidence and considered upon the question of his punishment, it is not to be considered upon the question of his guilt, and that it is violative of the rights of the person tried to take up such record after the proceedings have closed, without introducing it in evidence,—as was done in this instance,—and consider it upon the question of guilt. As said in the headnote which correctly summarizes the opinion in People v. Roosevelt, 1 App. Div. 577 (s. c. 37 N. Y. Supp. 488):

"The dismissal of a member of the police force of the city of New York is not justified where it appears that the police commissioners, in reaching a determination, considered, not only the testimony in the case, but also the record of the member, which was not introduced in evidence upon the trial, and as to which the accused had no opportunity for explanation. If the record of the member is to be treated as the knowledge of the commissioners, it is still improper, as they have no right, in discharging a member, to act upon their own knowledge, or to supplement the evidence by such knowledge."

In People v. Wurster, 91 Hun, 234, 36 N. Y. Supp. 161, it was said by the court:

"The respondent has annexed to his return the record of the relator as a member of the fire department, * * * but it was not given in evidence upon the trial, and the relator was offered no opportunity to explain it. It will not, therefore, be considered on this hearing, except as it has a tendency to show that matters other than the charges against the relator above referred to, and the proceedings on his trial, were permitted to influence the respondent in forming his judgment."

It here appears by the return to the writ that at the termination of the trial, without the record having been introduced in evidence, it was considered by the commissioners upon the question of the relator's guilt. For the error thus committed, there should be a new trial before the commissioners.

The proceedings should be annulled, and a new trial ordered, without costs. All concur.