PEOPLE ex rel. QUIRK v. YORK et al.

(Supreme Court, Appellate Division, First Department. June 8, 1900.)

POLICE COMMISSIONERS—DISMISSAL OF POLICE—TRIAL—EVIDENCE.

In a proceeding before the police commissioners to investigate alleged charges against a police officer for using vile and obscene language towards a citizen, it was reversible error to introduce in evidence against the accused his record as a police officer, in determining his guilt, though there was abundant other evidence thereof.

Certiorari by the people, on the relation of Martin J. Quirk, against Bernard J. York and others, police commissioners of the city of New York, to review a dismissal of relator from the police force. Proceedings annulled.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, and INGRAHAM, JJ.

Louis J. Grant, for relator.

Terence Farley, for respondents.

PER CURIAM. The evidence was abundant from which the commissioners were authorized to determine that the relator was guilty of the offense with which he was charged. It appeared, however, that the record of the officer was introduced in evidence and considered as bearing upon the question of his guilt. This was improper, and has been condemned by this court and the court of appeals. It is only proper for the commissioners to consider the officer's record as bearing upon the degree of punishment which they inflict. It cannot be used to determine guilt. Such was the express holding of this court in People v. York (decided April term, 1900) 64 N. Y. Supp. 2. The record in that case is almost precisely similar to the record in the present case, and, as such, the decision is conclusive of the question.

The proceedings should therefore be annulled, and a new trial ordered before the commissioners, without costs.