THE PEOPLE OF THE STATE OF NEW YORK ex rel. PATRICK R. McCOLLUM, Relator, v. JOHN J. SCANNELL, Fire Commissioner of the Fire Department of the City of New York, Respondent.

*Certiorari — only errors specified in the petition can be considered — that a public officer discharging the relator has improperly considered his record in determining his guilt will not be presumed.*

In proceedings by certiorari a relator will not be heard to claim that he has been improperly dismissed from the public service of a municipality because his record has been considered by the officer discharging him in determining the

question of his guilt, where the petition upon which the writ of certiorari is issued, nowhere assigns this as one of the errors requiring a reversal of the action of such officer.

In such a case, although the record of the relator may have been before the officer, it will be assumed that such record was used only for a proper purpose, unless it affirmatively appears that it was improperly used for the purpose of determining the relator's guilt.

Certiorari issued out of the Supreme Court and attested on the 19th day of January, 1900, directed to John J. Scannell, as fire commissioner of the fire department of the city of New York, commanding him to certify and return to the office of the clerk of the county of New York all and singular the proceedings had before him relating to the dismissal of the relator from the first grade in the uniformed force of the fire department of the city of New York.

*Frank Leo Ryan*, for the relator.

*Theodore Connoly*, for the respondent.

McLaughlin, J.:

The relator, on and prior to October 19, 1899, was a member of the fire department of the city of New York, and on that day he was dismissed from the service, upon the ground that he had been found guilty, after a trial had, of charges preferred against him. The charges upon which he was tried and found guilty were that he was intoxicated to such an extent that he was unable to perform his duties, and that he disobeyed orders at a fire which occurred in the city on the 5th of October, 1899. The evidence introduced before the commissioner was amply sufficient to sustain the charges.

The captain of the relator's company testified in substance that when he arrived at the fire he found the relator in a stupid condition and unfit for duty; that he could not get him to enter the burning building — while his chief testified that upon arriving at the fire it was impossible to keep the relator in a position to which he was ordered in the building; that he made an examination of him and that he was stupid and dazed; that his breath was heavy and that he "acted like a man under the influence of liquor." Other evidence was introduced which corroborated, to some extent, the testimony of these two witnesses.

The relator was sworn in his own behalf and he testified in substance that he did the best he could at the time referred to; that he could not go any further than he did into the building, but he did not deny that he had been drinking or that he was, at the time, under the influence of intoxicating liquors, or that he disobeyed the orders of his superior officers.

It was also urged by the relator's counsel that the commissioner erred in reaching the conclusion that the relator was guilty of the charges preferred against him, inasmuch as he considered — notwithstanding the fact that the same was not offered in evidence — the record of the relator in determining the question of his guilt. A sufficient answer to this suggestion is that the petition upon which the writ of certiorari was issued nowhere assigns this as one of the errors relied upon as calling for a reversal of the action of the commissioner. The petition upon which a writ of certiorari is issued must show upon its face the injury or error complained of, and no error will be considered which is not specifically set out in such petition. (*People ex rel. Eagle Fire Ins. Co.* v. *Commissioners of Taxes and Assessments*, 26 N. Y. Supp. 941; *People ex rel. Wechsler* v. *Board of Assessors*, 32 id. 344; S. C., *sub nom. People ex rel. Wechsler* v. *Harkness*, 84 Hun, 445; *People ex rel. Equitable Gas L. Co.* v. *Barker*, 66 id., 23.)

In reaching this conclusion the cases of *People ex rel. Kiebrick* v. *Roosevelt* (1 App. Div. 577); *People ex rel. Dermody* v. *York* (50 id. 359), and *People ex rel. Quirk* v. *York* (52 id. 295) have not escaped our attention. In each of these cases this point was not called to the attention of the court, and in addition to this, this court has several times held that when nothing more appears in the return than that the record of the relator was before the commissioner it will assume that such record was used only for a proper purpose and no error can be predicated upon its use, unless it affirmatively appears that it was improperly used for the purpose of determining the relator's guilt. (*People ex rel. Simermyer* v. *Roosevelt*, 2 App. Div. 498; S. C. affd., 151 N. Y. 675; *People ex rel. Strauss* v. *Roosevelt*, 2 App. Div. 536; S. C. affd., 153 N. Y. 657; *People ex rel. O'Neill* v. *Roosevelt*, 17 App. Div. 301.)

On both grounds, therefore (1) because the petition does not allege the use of the record as an error relied upon, and (2) because it does

not affirmatively appear that it was improperly used in determining the relator's guilt, the writ must be dismissed and the proceedings affirmed, with costs.

VAN BRUNT, P. J., O'BRIEN, INGRAHAM and HATCH, JJ., concurred.

Writ dismissed and proceedings affirmed, with costs.