PEOPLE ex rel. McCOLLUM v. SCANNELL. Fire Commissioner.

(Supreme Court, Appellate Division, First Department. December 7, 1900.)

1. FIREMEN—DISMISSAL—EVIDENCE—SUFFICIENCY.
    The captain of relator's fire company, in proceedings for his dismissal, testified that when he arrived at the fire relator was in a stupid condition, unfit for duty, and that he could not get him to enter the building. The fire chief testified that it was impossible to keep relator in the position in the building to which he was ordered, and that he made an examination of him; that his breath was heavy, and he was stupid and dazed, and appeared to be intoxicated. Relator testified that he did his best at the fire, but did not deny that he had been drinking, or that he disobeyed orders. *Held*, that the evidence justified relator's dismissal for intoxication and disobedience.

2. CERTIORARI—ASSIGNMENT OF ERROR—NECESSITY.
    Matter not assigned as error in a petition for certiorari will not be considered in the review.

3. SAME—DISMISSAL OF FIREMAN—USE OF RECORD—PRESUMPTION.
    Where the commissioner's return in a proceeding to dismiss a fireman shows only that his record was before the commissioner, and it does not affirmatively appear that it was used improperly to determine the fireman's guilt, the court reviewing the proceedings on certiorari will assume that it was used for a proper purpose.

Certiorari by the people, on the relation of Patrick McCollum, to review the action of John J. Scannell as fire commissioner, etc., in dismissing relator from the fire department of the city of New York. Dismissed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Frank Leo Ryan, for relator.

Theodore Connoly, for respondent.

McLAUGHLIN, J. The relator, on and prior to October 19, 1899, was a member of the fire department of the city of New York, and on that day he was dismissed from the service upon the ground that he had been found guilty, after a trial had, of charges preferred against him. The charges upon which he was tried and found guilty were that he was intoxicated to such an extent that he was unable to perform his duties, and that he disobeyed orders at a fire which occurred in the city on the 5th of October, 1899. The evidence introduced before the commissioner was amply sufficient to sustain the charges. The captain of the relator's company testified, in substance, that when he arrived at the fire he found the relator in a stupid condition, and unfit for duty; that he could not get him to enter the burning building; while his chief testified that upon arriving at the fire it was impossible to keep the relator in a position to which he was ordered in the building; that he made an examination of him, and that he was stupid and dazed; that his breath was heavy, and he "acted like a man under the influence of liquor." Other evidence was introduced, which corroborated to some extent the testimony of these two witnesses. The relator was sworn in on his own behalf, and he testified, in substance, that he did the best he could at the time referred to; that he could not go any fur-

67 N.Y.S.—28

ther than he did into the building; but he did not deny that he had been drinking, or that he was, at the time, under the influence of intoxicating liquors, or that he disobeyed the orders of his superior officers.

It was also urged by the relator's counsel that the commissioner erred in reaching the conclusion that the relator was guilty of the charges preferred against him, inasmuch as he considered—notwithstanding the fact that the same was not offered in evidence—the record of the relator in determining the question of his guilt. A sufficient answer to this suggestion is that the petition upon which the writ of certiorari was issued nowhere assigns this as one of the errors relied upon as calling for a reversal of the action of the commissioner. The petition upon which a writ of certiorari is issued must show upon its face the injury or error complained of, and no error will be considered which is not specifically set out in such petition. People v. Tax Com'rs (Sup.) 26 N. Y. Supp. 941; Same v. Board of Assessors of City of Brooklyn (Sup.) 32 N. Y. Supp. 344; Same v. Barker, 66 Hun, 23, 20 N. Y. Supp. 797. In reaching this conclusion the cases of People v. Roosevelt, 1 App. Div. 577, 37 N. Y. Supp. 488; Same v. York, 50 App. Div. 359, 64 N. Y. Supp. 2, and Id., 52 App. Div. 295, 65 N. Y. Supp. 130, have not escaped our attention. In each of these cases this point was not called to the attention of the court, and, in addition to this, this court has several times held that, when nothing more appears in the return than that the record of the relator was before the commissioner, it will assume that such record was used only for a proper purpose, and no error can be predicated upon its use unless it affirmatively appears that it was improperly used for the purpose of determining the relator's guilt. People v. Roosevelt, 2 App. Div. 498, 37 N. Y. Supp. 1083, affirmed in 151 N. Y. 675, 46 N. E. 1150; Id., 2 App. Div. 536, 38 N. Y. Supp. 27, affirmed in 153 N. Y. 657, 47 N. E. 1110; Id., 17 App. Div. 301, 45 N. Y. Supp. 260. On both grounds, therefore,—(1) because the petition does not allege the use of the record as an error relied upon, and (2) because it does not affirmatively appear that it was improperly used in determining the relator's guilt,—the writ must be dismissed, and the proceedings affirmed, with costs. All concur.