(97 App. Div. 502.)

PEOPLE ex rel. FITZPATRICK v. GREENE.

(Supreme Court, Appellate Division, First Department. November 11, 1904.)

1. MUNICIPAL CORPORATIONS—POLICEMEN—REMOVAL—CHARGES—PENSIONS.

Greater New York Charter (Laws 1901, p. 154, c. 466) § 355, declares that a Civil War veteran who has served as policeman more than 20 years shall be entitled to retirement on pension if no charges are pending against him. Police Department Rule 28, subd. "c," requires that charges preferred shall be in writing and verified by the oath of the complainant, unless made by the police commissioner, his subordinate officers, or chief clerk; and Greater New York Charter, § 300, p. 127, authorizes the police commissioner to adopt regulations for the investigation of charges against members of the force, and provides that no member shall be fined, suspended, or dismissed until written charges have been made against him. Held, that, where charges against relator had been filed with the police commissioner prior to his application for retirement, such application did not deprive the commissioner of the right to try relator on such

charges, though they were made by a private individual, and were unverified until after the application was filed.

**2. SAME—SUBMISSION OF CAUSE—SUBSEQUENT FACTS.**

Where, in a proceeding to remove a police officer for neglect of duty, the evidence was such as to leave no doubt of relator's guilt in the mind of an impartial person, and the police commissioner who tried relator certified that, in determining guilt or innocence, he had not considered a letter written by prosecutor's attorney after submission of the cause, informing him of subsequent facts, relator was not entitled to a reversal because of the sending of such letter.

Van Brunt, P. J., dissenting.

Certiorari by the people, on the relation of Hugh Fitzpatrick, against Francis V. Greene, to review relator's removal from the police force. Determination affirmed. Writ dismissed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Charles O. Maas, for relator.
Theodore Connoly, for respondent.

PATTERSON, J. The relator was a captain of police in the city of New York. He was charged with neglect of duty, and on a trial or hearing before a deputy police commissioner was found guilty of the charge, and his dismissal was recommended. The findings and recommendation of the deputy police commissioner were approved by the police commissioner, who thereupon made an order declaring and adjudging that the relator was guilty of the charge made against him, and dismissing him from the police force of the city of New York. The action of the police commissioner has been brought up for review by a writ of certiorari.

It is strenuously urged that the police commissioner had no jurisdiction to entertain or proceed to act upon the charge made against the relator, for the reason that at the time he was called upon to answer that charge he had served on the police force for 20 years, and had made application for retirement, and to have his name placed on the roll of the police pension fund; he being a veteran of the Civil War, and having served continuously on the police force for a time sufficient to entitle him to retirement and to receive a pension. The facts that the relator is a veteran, and that he served continuously for more than 20 years on the police force, are not to be controverted; but his right to retirement, with its attendant benefits, is subject to the proviso that there shall be no charge pending against him. Section 355, Greater New York Charter (Laws 1901, p. 154, c. 466). The charge upon which he was arraigned and tried is dated February 9, 1903, and is signed by an inspector of police; but on February 2, 1903, the relator filed his application for retirement, and the claim now is that an inquiry into the charge was forestalled by that previous application. It further appears, however, in the return, and it cannot be questioned, that charges were presented against the relator, in January, 1903, and that those charges —substantially the same as that upon which the relator was tried— were actually in the possession of the police commissioner in that month. The argument on behalf of the relator assumes that, to make the proviso operative, charges regularly and technically formulated in such man-

ner as to constitute the precise and final statement of the offense upon which a trial and hearing may be had must exist. We think the statute should receive no such narrow interpretation, but, on the contrary, that it is sufficient that charges have been made, specific in their nature, and of a character inviting or requiring investigation and action by the police authorities, and which are before such authorities for consideration. Any other construction of the statute would readily permit the evasion of the proviso; and as suggested in People ex rel. Eakins v. Roosevelt, 14 Misc. Rep. 541, 35 N. Y. Supp. 1085, affirmed 149 N. Y. 574, 43 N. E. 989, the accused could take advantage of the delay necessary for formulating charges already presented, interpose his application for retirement, and thus defeat the statute.

It is stated, however, that no verified charges were pending against the relator when he applied for retirement, and that, by subdivision "c" of rule 28 of the police department, it is provided that charges preferred against any member of the police force must be in writing, and verified by the oath of the complainant, except charges by the commissioner, subordinate officers, or chief clerk, who may make charges in writing without oath. The charges preferred in January, 1903, against the relator were made by a private individual, and were unverified; but the rules of the police department relating to the methods and details of procedure preliminary to or connected with the trial or hearing of charges should not be construed as limiting the meaning to be ascribed to the word "charges," as used in the statute relating to the retirement of police officers, which says nothing about the verification of charges. By section 300 of the Greater New York charter the police commissioner was authorized to adopt rules and regulations for the examination, hearing, investigation, and determination of charges made or preferred against any member or members of the police force; and it is provided in the same section that no member of the force should be fined, reprimanded, removed, suspended, or dismissed from the force until written charges shall have been made against him. It was within the power of the commissioner to make the rule referred to as a rule of procedure, and as a necessary prerequisite to putting an accused police officer upon trial, and it has no further scope.

Concerning what may be called the merits of the case, and the sufficiency of the evidence to establish the neglect imputed to the relator in the performance of his official duty, it is only necessary to say that the specifications of the charge were abundantly proven by competent evidence. The relator received personally precise and detailed information respecting the character of the five houses mentioned in the specifications. Each one of these places was a notoriously foul den of immorality. It would subserve no useful purpose to refer specifically to the evidence in the record, but we are satisfied that, upon the facts of the case, it is impossible to come to any other conclusion than that the relator was negligent in the performance of his official duty with respect to the prevention of violations of law, and the detection and arrest of persons guilty of such violations in and upon the premises mentioned in the charge upon which the relator was tried. Indeed, that evidence may be said to be absolutely convincing.

It is further contended by the relator that the action of the police

commissioner should be reversed for the reason that, when his trial before the deputy commissioner had been concluded, a communication was received containing a statement of some facts which occurred after the relator's trial was ended, and that such facts thus stated had a tendency to support the charges made against the relator, and that thereby his case was prejudiced; he having no opportunity to refute the statements contained in the communication which was sent to the police commissioner by Mr. Frank Moss, who appears to have been counsel for those interested in the prosecution of the charge against the relator. The letter is as follows:

"New York, March 16, 1903.

"My dear Commissioner Greene: I beg to enclose herewith my brief in the Fitzpatrick case. I beg to advise you that since the conclusion of the trial three of the main defendants in the raid have been convicted.

"Yours truly,                                                    Frank Moss."

It is not controverted that this letter referred to the conviction of persons in some way connected with the matters that were the subject of investigation upon the charge against the relator. It does not appear that this communication was in any way invited by the police commissioner, or that he did anything with it, except refer it to the deputy commissioner, as is shown by an indorsement made upon the letter. It does not appear that the deputy commissioner considered it, or that it had any influence upon the mind of either the commissioner or his deputy. In the return the commissioner states that the communication of March 16, 1903 (that being the Moss letter), was not considered either by the said deputy or by the commissioner in determining the guilt or innocence of the relator. That return would seem to be conclusive. People ex rel. Miller v. Wurster, 149 N. Y. 549, 44 N. E. 298; People ex rel. O'Neill v. Roosevelt, 17 App. Div. 301, 45 N. Y. Supp. 260; People ex rel. Killilea v. Roosevelt, 7 App. Div. 308, 40 N. Y. Supp. 117. But as it is contended that the communication was of a character to influence the judgment of the trial commissioner, we have gone over the record very carefully to ascertain whether the proofs were in such condition as would leave any doubt in the mind of an impartial person as to the guilt of the relator; and our conclusion is that, upon the whole evidence, if the case had been before a jury, they could not have found otherwise than did the commissioner. We do not find anything further in the record with regard to Mr. Moss' letter than that it was received by the commissioner, stamped by him, and referred to the deputy commissioner; and, from all that appears, it may have been absolutely disregarded by him. Under such circumstances, and with the convincing character of the evidence in support of the charge, we do not regard the sending and receipt of the communications as being sufficient to authorize our setting aside the order of dismissal.

The proceeding should be affirmed, and the writ dismissed, with costs.

O'BRIEN, HATCH, and LAUGHLIN, JJ., concur.

VAN BRUNT, P. J. I dissent. There were no charges against the relator, and he was entitled to be retired.