■ In the Matter of VICTORIAN HOUSE, INC., Respondent, v. NEW YORK STATE LIQUOR AUTHORITY, Appellant.— In a proceeding pursuant to article 78 of the CPLR, to review and to annul a determination of the New York State Liquor Authority, which cancelled the petitioner's restaurant liquor license on the ground that, by its officers and directors, it had participated in and abetted a violation of section 111 of the Alcoholic Beverage Control Law, in that, as common officers and directors of another licensed corpora-

tion, the Victorian of Island Park, Inc., and in violation of subdivisions 8 and 14 of rule 36 of the Authority's rules (9 NYCRR 53.1 [h], [m]), they permitted one Mattera and others to avail themselves of the latter's restaurant liquor license, the Authority appeals from a judgment of the Supreme Court, Queens County, entered January 22, 1965, which granted the petition, annulled the Authority's determination, and directed the Authority to reinstate the petitioner's restaurant liquor license. Judgment reversed on the law and the facts, without costs; determination, insofar as it sustains the charges filed against petitioner, confirmed; and determination, insofar as it fixes the penalty, annulled and proceeding remitted to the Authority for reconsideration of the penalty and the fixing of an appropriate penalty which is not wholly disproportionate to the charges preferred and which can be justified by the record which would be submitted to the court. At the time set for a hearing on the charges preferred against the petitioner and against the Victorian of Island Park, Inc., these corporate licensees, which were represented by the same attorney, pleaded "no contest." The Authority imposed a $500 bond fine on Victorian of Island Park, Inc., and cancelled the restaurant liquor licenses of both said licensees. There is an uncontradicted statement in the petitioner's brief that the Authority "went one step further in giving a deferred 10-day suspension to another entirely independent corporation, Foro Romano, Inc., a restaurant corporation with a Restaurant Liquor License, wherein only one of the stockholders of the petitioner-respondent, Victor Palermo, is a minority stockholder, the holder of approximately 10% of the stock therein, and further ordered that said deferment of suspension was conditioned upon said Victor Palermo being removed from said restaurant corporation on or before the renewal of its (Foro Romano, Inc.'s) Restaurant Liquor License." The Special Term, for two reasons, had no authority to review so much of the Authority's determination as held that the petitioner was guilty of the charges preferred against it. The first reason is that by entering its plea of "no contest," the petitioner waived its rights to review the facts upon which the punishment was imposed (cf. *People* v. *Daiboch*, 265 N. Y. 125; *Matter of 17 Club*, 26 N. J. Super. 43; *Tseung Chu* v. *Cornell*, 247 F. 2d 929, cert. den. 355 U. S. 892). The second is that the petitioner then made and now makes no claim that it was not technically guilty of the charges (cf. *People ex rel. McCollum* v. *Scannell*, 56 App. Div. 51; *Matter of Fragomeni* v. *Wilson*, 280 App. Div. 1023). However, although Special Term annulled the Authority's determination canceling the license, it is evident that Special Term proceeded upon the theory that the petitioner was guilty of at least a technical violation and that it annulled the determination on the ground that the penalty imposed was excessive. The premises owned and operated by the petitioner are devoted primarily to the catering of social functions, and the premises, if operated with a liquor license, are apparently worth about $650,000 to $750,000. There are factual assertions in the petition bearing upon the severity of the penalty, which are not supported by the record before the court. The lack of proof as to such assertions was due in part to the plea of "no contest," but it appears that the substance of these factual assertions embraced matters which were within the Authority's knowledge and which were contained in its own investigation reports and in the petitioner's applications and reports filed with the Authority. Upon the record before us, the cumulative punishment imposed on the petitioner and thus on its stockholders for what might be called a technical violation, collateral to the one committed by the other corporate licensee, was wholly disproportionate to the offense (cf. *Matter of Stolz* v. *Board of Regents*, 4 A D 2d 361; *Matter of Millhauer* v. *Patterson*, 8 N Y 2d 37; *Matter of Pitt*

v. *Town Bd. of Town of Ramapo*, 10 A D 2d 958). In the circumstances here, however, we feel that the Authority in the first instance should fix an appropriate penalty after there has been an opportunity to make an adequate record, even though the court on the basis of such record might still determine that the Authority abused its discretion and that the penalty imposed was wholly disproportionate to the offense. Brennan, Hill, Hopkins and Benjamin, JJ., concur; Ughetta, Acting P. J., concurs in the result.