■ In the Matter of CARMEL LANES, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Determination of the respondent New York State Liquor Authority, dated June 16, 1989, which suspended petitioner's liquor license for 30 days and imposed a $1,000 bond forfeiture, is unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this court by order of the Sup Ct, NY County, Stanley Parness, J., entered on or about Sept. 27, 1989) is dismissed without costs or disbursements.

In reviewing the record, we find there was substantial evidence to support the Commissioner's determination that petitioner served alcoholic beverages to two minors *(see, Matter of Kopec v Buffalo Brake Beam-Acme Steel & Malleable Iron Works,* 304 NY 65, 71).

The credited testimony of Christopher Luisa and Garett Peters provided sufficient evidence to sustain the violations proffered against petitioner. While the testimony of Luisa and Peters conflicted as to certain details such as who purchased the drinks and at what area of the bar, their testimony each fundamentally established that they and Stanley Rice (the decedent) were permitted admission to the bar, that petitioner's employees served each of them alcoholic beverages (although Luisa and the decedent were under the statutory drinking age), and no effort was made to ascertain their age prior to admission to the lounge although petitioner had an employee stationed at the door for that purpose, and that the young men each consumed the beverages served them.

In view of petitioner's prior record of similar violations as a licensee and the nature of the violation involved here the penalty imposed by the Authority was not so disproportionate to the offense as to be shocking to one's sense of fairness *(see, Matter of Victorian House v New York State Liq. Auth.*, 24 AD2d 484). Concur—Kupferman, J. P., Ross, Kassal, Ellerin and Wallach, JJ.