(5 App. Div. 328.)

PEOPLE ex rel. MORGAN v. ROOSEVELT et al., Police Com'rs.

(Supreme Court, Appellate Division, First Department. May 22, 1896.)

1. POLICEMEN—CERTIORARI TO REVIEW DISCHARGE.

On certiorari to review dismissal of a policeman, the court will not go further than to examine whether the evidence was sufficient on the whole to warrant the conclusion reached by the police board.

2. SAME—CONSIDERATION OF OFFICER'S RECORD.

A decision of the police board dismissing a policeman will not be disturbed merely because the case shows that the policeman's record was before the board at some time during the proceeding, where it does not affirmatively appear that such record was improperly used; since an officer's record may properly be considered for the purpose of determining the punishment which ought to be inflicted, though it is not admissible as bearing on the question of the officer's guilt or innocence.

Certiorari by Peter Morgan to review the action of Theodore Roosevelt and others, police commissioners, in dismissing relator from the police force. Affirmed.

Argued before BARRETT, RUMSEY, WILLIAMS, PATTERSON, and O'BRIEN, JJ.

William A. Sweetser, for relator.

Theodore Connoly, for respondents.

RUMSEY, J. The relator was brought to trial before the police commissioners on a charge of conduct unbecoming an officer; and after a hearing, in which evidence was given upon both sides, he was found guilty of the charges against him, and sentenced to be dismissed from the police force. He sues out a writ of certiorari to review this action of the commissioners.

We have read the testimony, which, although conflicting, lies in small compass, and have reached a conclusion that there was evidence sufficient to warrant the finding of the police commissioners. That being the case, we do not consider it necessary to discuss that question further. It is quite true that the relator is presumed to be innocent. That means simply that the burden of proof is upon the persons who prefer the charge against him to establish it; but when evidence has been given which is sufficient to establish the charge, although evidence in defense is submitted by the person accused, we will not ordinarily go further in the case than to examine whether the evidence presented against the accused is sufficient, upon the whole, taking everything into consideration, to warrant the conclusion reached by the board. That it was so in this case we have no doubt.

It is claimed by the relator that it was error to consider the officer's record. On that point it is sufficient to say that there is no proof that the officer's record was considered by the commissioners in concluding upon the question of his guilt or innocence. The judgment of the police commissioners upon that point, which is printed at length in the record, recites all that they relied upon in deciding the case, and says nothing about the record. While we have held that it may be error to consider the record upon the question of the guilt or innocence of the accused, unless it has been properly offered in evidence, and an opportunity given to the accused to explain it (People v. Roosevelt, 1 App. Div. 577, 37 N. Y. Supp. 488), yet we have also held that, after a decision has been reached upon the question of guilt or innocence, it is proper for the police commissioners to take into consideration the record of the person charged with the offense, to enable them to decide intelligently as to the punishment which ought to be inflicted upon him (People v. Roosevelt, 2 App. Div. 536, 38 N. Y. Supp. 27). When nothing more appears in the case than that the record was before them at some time, and it does not appear affirmatively that it was improperly used to enable them to pass in the first instance upon the question of guilt, we must assume that it was only used for a proper purpose, and no error can be predicated upon its presence in the papers. In all these cases the presumption is that they observe the rules which the law prescribes for the trial of members of the police force, and their action cannot be reversed unless it is made to appear affirmatively by the record that they disregarded the rules. People v. Roosevelt, 2 App. Div. 498, 37 N. Y. Supp. 1083.

It is also complained by the relator that the certificate of the board of police surgeons that, upon consideration of the testimony, they concluded that the patrolman was suffering from syphilis, should not have been used. It is true that such a certificate is printed in the record; but we can nowhere ascertain that it was used or referred to by the commissioners for any purpose whatever. It is not referred to in their judgment, and there is nothing to show that they placed any reliance upon it, or, indeed, used it at all in deciding the question of the relator's guilt. Within the rule laid down in the case last above cited, there can be no presumption that any use whatever was made of it. For that reason, it was not error to have it appear in the record.

The writ must be dismissed, and the proceedings affirmed. All concur.