# IN THE MATTER OF MRS. PETER BELANGER v. MASONIC TEMPLE ASSOCIATION.[1]

October 20, 1922.

No. 23,045.

**Workmen's Compensation Act—death occurred in course of employment—not caused by drink.**

In proceedings commenced before the industrial commission under the Workmen's Compensation Act, it is *held* that the evidence supports the findings of the referee to the effect that, at the time of the accident and death complained of, the relation of employer and employe existed between the relator employe and decedent; that the cause of death was accidental and occurred while decedent was engaged in the course of his employment; and that it was not shown by the evidence to have been caused by decedent's intoxication.

Upon the relation of the Masonic Temple Association, employer, and the Aetna Insurance Company, insurer, the supreme court granted its writ of certiorari directed to the industrial commission of Minnesota to review its decision in a claim brought under the Workmen's Compensation Act by the wife of Peter Belanger, deceased, employe, against Masonic Temple Association, employer, and Aetna Insurance Company, insurer. Affirmed.

*J. G. Stirm*, for relators.

*Lewis E. Lohmann*, for respondents.

QUINN, J.

The respondent, Georgiana Belanger, filed a petition with the industrial commission against the Masonic Temple Association, as employer, and the Aetna Life Insurance Company, as insurer, for an award of compensation for the death of her husband, Peter Belanger. The employer and insurer denied liability on the ground that the deceased was intoxicated at the time and that such intoxication was the proximate cause of his death, and also that his death

[1]Reported in 190 N. W. 184.

did not arise out of nor in the course of his employment. The matter was duly heard before a referee who made and filed findings of fact and conclusions of law awarding compensation to the claimant at the rate of $35 per month, not exceeding in all the sum of $7,500 and $150 for funeral expenses. From these findings and award the employer and insurer appealed to the industrial commission, where, upon hearing, the award of the referee was affirmed. The matter comes to this court for review by certiorari.

Section 61, chapter 82, p. 123, Laws 1921, as amended by chapter 423, p. 653, Laws of 1921, § 3, provides that:

"The Supreme Court on review under the preceding section shall have and take original jurisdiction and may reverse, affirm or modify the award or order of disallowance reviewed and enter such judgment as may be just and proper; and where necessary may remand the cause to the Industrial Commission for a new hearing or for further proceedings, with such directions as the court may deem proper."

It appears from the testimony, as well as from the findings of the referee in this case, that the deceased Peter Belanger, was last seen alive at 7:45 p. m. on December 6, 1921, and that on the following afternoon his dead body was found at the bottom of the freight elevator shaft at the rear of the building in which he worked. There were no eye-witnesses as to how he came to his death. The testimony was not disputed that he was about his work from 2 o'clock until 7:45 on the evening of the sixth, in a somewhat intoxicated condition, though he went about from place to place, across the street where many automobiles were passing, and when last seen was picking up bits of paper in the hall on the fourth floor at which time he said to the witness Mrs. Cruzen that he was going to the eighth floor as he had some work to do, then started toward, passed through and closed the freight elevator door. The next time he was seen was on the following afternoon at the bottom of the elevator shaft. There was a space of about two feet between the door leading from the hall and the elevator shaft. It was the habit of decedent to stand in this space, reach in over the gate and pull the

elevator rope to bring the elevator platform up or down to the floor where he might happen to be, and to jump onto it as it was passing up or down. He had been warned against this practice.

We discover no testimony in the record which supports the contention of relators, that intoxication was necessarily the natural or proximate cause of decedent's death. Under our statute the burden of proof was with relators on this phase of the case. It was not only the duty but the custom of decedent to close the building at 11 o'clock each night. He failed so to do on the night in question, the natural inference being, under the circumstances, that the accident which caused his death occurred prior to that hour. It does not appear, however, whether he fell from the fourth floor where he was last seen, or from the eighth where he was going to work. If the accident occurred before 11 o'clock, it does not necessarily follow that the burden of showing that decedent came to his death as the result of intoxication was satisfied by the proof that he was somewhat intoxicated a few hours before. To say that such intoxication was the proximate cause of his death would amount to a mere conjecture or surmise, and the presumption that he fell from one of the floors while in an attempt to move the elevator by means of pulling the rope or in trying to jump onto the elevator while it was in motion, would be just as strong as that the intoxication was the cause of his death.

In reviewing the record in this case the court concerns itself with questions of law only. The testimony is reported in full and stands undisputed. Whether it is sufficient to warrant the findings of the referee, resolves itself into a question of law under the circumstances. Buckley's Case, 218 Mass. 354, 105 N. E. 979, Ann. Cas. 1916B, 474. Under these conditions, if the findings have a substantial basis in the evidence, they will not be disturbed by this court, and we are of the opinion that they have. Whether the injury arose out of and in the course of the employment seems as certain as that the accident occurred at all. Decedent was in the hall on the fourth floor picking up bits of paper when last seen alive, which work was within his employment. He there stated that he was going to the eighth floor to do some work. These were his last

known words and.he immediately started on his way. It was within his employment to remain on duty until 11 o'clock. The presumption is that he followed that duty to the time of the fatal accident.

The result reached is that the findings and award are warranted by the proofs.

Affirmed.