## STATE EX REL. MATT MOILAN v. JOHN G. BRANDT AND OTHERS.[1]

October 4, 1929.

No. 27,332.

*E. J. Larson* and *Jenswold, Jenswold & Dahle,* for appellants (respondents below).

*McMahon & McMahon,* for respondent (relator below).

DIBELL, J.

Mandamus to compel the common council of Virginia to appoint the relator to the position of marketmaster. The court sub-

[1]Reported in 226 N. W. 841.

mitted to the jury two questions: (1) Whether the council made the investigation contemplated by the soldiers preference act; (2) whether, in arriving at its decision and refusing to appoint relator to the position, it acted with manifest arbitrariness.

The jury answered the first question in the negative and the second one in the affirmative. The common council and its members appealed from an order of the court denying their motion for a new trial.

The plaintiff made his application under the provisions of the soldiers preference act, G. S. 1923 (1 Mason, 1927) §§ 4368-4369. In State ex rel. Meehan v. Empie, 164 Minn. 14, 204 N. W. 572, this statute was under consideration and the position there involved was the one now involved. We adopted the rule of fitness for the position as the controlling one, rather than relative efficiency, and stated the test as follows [164 Minn. 16]:

"The statute fixes the standard of qualifications and fitness. It must be construed sensibly. It intends that the soldier applicant, to be entitled to preferential appointment, shall be capable of performing the duties of the position in a reasonably efficient manner. It does not intend that a soldier shall have a preference if he can perform the duties of the position merely after a fashion, though not with genuine efficiency."

And further we said [164 Minn. 17]:

"The question of qualification or fitness is first and primarily for the appointing body. The trial court on mandamus, or this court on review, cannot substitute its own view of the fact. Only when the appointing power declines to investigate, declines to apply the law, or proceeds with manifest arbitrariness, or something equivalent thereto, can relief be had by mandamus. The court does not determine the question of fitness."

Substantially every member of the council knew Moilan. Some of them were boys with him. Some of them had investigated an application made by him two years before. Substantially all testified that they did not consider him fit for the position. We have

considered the evidence with care. We do not find it necessary or profitable to review it. The common council is the constitutionally created appointing power. The soldiers preference act does not intend otherwise. It does not mean to make the jury or a court a body which may review the act of the council. It is only when there is a failure on the part of the council to act or a manifestly arbitrary action on its part that a court may interfere.

There is some evidence, as remarked by the trial court in a careful review of the record, casting suspicion on acts of individual members; but it is insufficient in our view to justify a finding that the intended investigation was not made or that the decision of the council as a body was manifestly arbitrary. The practical result of allowing the jury to avoid the holding of the council on evidence such as is before us is apparent. It transfers the appointing power from the council, where it is constitutionally vested, to the jury. We are of the view that the finding of the jury on the two questions cannot be sustained.

Order reversed.