ETHEL KOPP AND OTHERS v. BITUMINOUS SURFACE TREATING COMPANY AND OTHERS.[1]

January 10, 1930.

No. 27,546.

[1]Reported in 228 N. W. 559.

*Cobb, Hoke, Benson, Krause & Faegre, C. P. Randall* and *W. J. Connolly,* for relators.

*Julian E. Brown,* for respondents.

DIBELL, J.

Certiorari on relation of the Bituminous Surface Treating Company and O. W. Braske, employers, and Standard Accident Insurance Company, insurer, to review an order of the industrial commission awarding compensation to Ethel Kopp, the widow of Harry Kopp, the employe, and their two minor children, Elizabeth and Mary Kopp, as dependents, for his death.

Harry Kopp was employed as a truck driver in road work near Shakopee on September 4, 1928. On that day he fell from a truck and sustained an injury from which he died a few hours later. The defense is intoxication causing his death. The compensation act does not give compensation "when the intoxication of such employe is the natural or proximate cause of the injury, and the burden of proof of such fact shall be upon the employer." G. S. 1923 (1 Mason, 1927) § 4269.

Kopp had been drinking on the day of the accident. Drinking was his failing. He worked but four and one-half hours of a possible ten. When he quit work at the end of the day he deviated from the regular route to the garage, for purposes of his own, for an hour or so. He then went to a garage in Shakopee and from there started with the auto to get and return some tools which his employers had borrowed from the garage. It is not claimed that he was not at the time of his accident in the course of his employment. He took with him from the garage a bright young lad of 15,

who finally took the wheel at his request, and he stood on the running board and apparently fell and was dragged underneath the truck and was crushed. Kopp had been drinking intermittently during the day and had been lying down drunk, his truck idle, for a part of the time. The evidence would well justify a finding that when he came to the Shakopee garage and when he started to get the tools he was unable to manage his truck as a driver should and was intoxicated.

The commission divided two to one in their opinion upon his intoxication and its effect. We cannot say that the evidence required a finding that intoxication naturally or proximately caused his death and that the finding of the majority is not sustained by competent evidence. We should have no trouble in sustaining and finding in accordance with the result reached by the dissenting commissioner. A careful consideration of the evidence leads us to that view. But the well understood rule requires us to sustain the finding of fact of the commission if there is evidence really supporting it, though it is not one we would make. The question of the effect of intoxication has arisen a few times but without facts having such direct application to the facts of this case as to suggest a discussion of them. State ex rel. London & L. I. Co. v. District Court, 141 Minn. 348, 170 N. W. 218; State ex rel. Green v. District Court, 145 Minn. 96, 176 N. W. 155; Belanger v. Masonic Temple Assn. 153 Minn. 281, 190 N. W. 184. Some additional cases are noted in 43 A. L. R. 421.

█ In a hearing before the industrial commission the injured employe, or his dependents if he was killed, are claimants or petitioners against the employer. If the order of the commission is brought to this court for review on certiorari the case is docketed as indicated. The title does not change in this court. See Rule I (6), 160 Minn. 599. The writ of certiorari serves no other purpose than to bring the order of the commission here for review.

In this proceeding before the commission and in the title here the name of the decedent is used as a party. Instead the names of the dependents should have been used.

The importance of following accurate practice is emphasized by withholding the costs usually awarded in this court to the successful employe or dependent.

Order affirmed.

