STATE EX REL. ALBERT J. COTE v. VILLAGE OF BOVEY
AND OTHERS.[1]

April 20, 1934.

No. 29,788.

*Naughtin & Henley* and *C. A. Wagner,* for appellants (respondents below).

*John M. Gannon,* for respondent (relator below).

LORING, Justice.

This is a proceeding in *mandamus* to compel the village of Bovey and its village council to appoint the relator a policeman in that village and pay him the salary to which that employment would entitle him.

The relator was honorably discharged from the military service of the United States December 9, 1918, having served an enlistment as a private in the students army training corps, commencing August 13, 1918. He claims a preference right to appointment as a

[1]Reported in 254 N. W. 456.

veteran of the World War, under the provisions of 1 Mason Minn. St. 1927, §§ 4368-4369.

In December, 1932, the village elected a president and one trustee. The first meeting of the council after the new members had qualified was January 3, 1933. The council found on file the relator's application for employment as a police officer which invoked the soldiers preference statute. Up to that time the village had employed four policemen. It then reduced their salaries, and one officer left its employ. It resolved to reduce the force to three. The three who had previously served were nonservice men who had been employed by the village for four, six, and ten years. These three men and others who had held jobs as policemen had, annually after each election, made application for employment. They did not do so in January, 1933. This change in procedure is quite obviously explained by a determination on the part of at least a majority of the council to avoid the employment of relator under the preference act. The relator had previously applied, had been rejected, and had brought suit to enforce his rights. In that action the village had elected to buy peace by making a settlement.

The council appointed a committee to investigate the relator's character and qualifications, which reported adversely. The council adopted the report, taking the position that there was no vacancy and that relator was unfit for the job of policeman. Relator had acted as special policeman on a previous occasion, and the chief claimed that he had been disobedient to orders. Though he had recently been the recipient of considerable income, he had failed to take care of various store bills. Many of the 30 or more people consulted by the investigating committee were of the opinion that he did not possess the qualifications requisite and desirable in a good policeman. The committee consulted all persons whom the relator gave as references.

Notwithstanding the obvious purpose of the council to avoid employing the relator, it is apparent from the record that an investigation was made which developed facts from which the council might reasonably conclude that relator was not qualified for the position sought by him.

Upon the trial of the *mandamus* proceeding the court submitted to a jury the questions whether the investigation was fairly conducted with a purpose, in good faith, to ascertain relator's character and qualifications and whether in rejecting his application it acted arbitrarily. The jury answered both questions adversely to the council, and after a denial of a motion for judgment or a new trial the village and the members of its council come here on appeal, contending that there was no vacancy and that the evidence supports neither of the jury's findings on the questions submitted.

The court held that there was a vacancy, and in view of the disposition which we make of one of the other questions we need not here discuss the correctness of that ruling. From a careful examination of the record we are of the opinion that the finding that the council acted arbitrarily in rejecting relator's application is not sustained by the evidence. It had ample information upon which it might arrive at an honest conclusion that relator would not fill the position in a reasonably efficient manner. State ex rel. Meehan v. Empie, 164 Minn. 14, 204 N. W. 572; State ex rel. Moilan v. Brandt, 178 Minn. 277, 226 N. W. 841. It may be that a shrewdly advised council can circumvent the preference act, but we do not take the view that it did so in this instance or that its action in passing upon relator's qualifications was arbitrary.

The fact that the three policemen who continued in its employ without formal new appointments did not make the usual applications indicates to anyone familiar with municipal affairs a purpose on the part of the council to avoid the difficulties previously had with relator's former application. From that and other evidence the jury might well so conclude; but if the investigation actually made developed facts from which the council might reasonably come to the conclusion which it did, no court can interfere.

The order appealed from is reversed with instructions to enter judgment for defendants.

Reversed.