# STATE EX REL. JOHN H. PETE v. ERICK EKLUND AND OTHERS.[1]

January 17, 1936.

No. 30,751.

[1]Reported in 264 N. W. 682.

*Jerry A. Harri,* for appellant (relator below).
*Charles E. Adams,* for respondents.

I. M. OLSEN, JUSTICE.

John H. Pete appeals from a judgment of the district court of St. Louis county affirming the action of the county board of said county in dismissing appellant from his employment as road patrol foreman.

We refer to John H. Pete, the relator, as plaintiff, and to the members of the county board, the respondents, as defendants.

The plaintiff is an honorably discharged sailor of the United States Navy who served in the World War. He was employed by St. Louis county in doing road maintenance work for some time prior to 1934. How long does not clearly appear. About August, 1934, he was appointed as patrol foreman of the first maintenance district of said county, covering territory around Ely in the northern part of the county. His immediate superior was the superintendent of county road maintenance, and above them was the county highway engineer. The first maintenance district was a comparatively small area in so large a county as St. Louis. The men employed for road maintenance work in the district varied from four or five in the usual winter work to 14 or 15 at times in the summer months. Plaintiff supervised the work of these men. On January 12, 1935, the county board passed a resolution preferring certain charges against plaintiff and fixing a hearing thereon for January 21. The hearing was continued to February 8. On that date evidence was heard by the county board. Plaintiff appeared in person and by counsel. Counsel made certain objections to the jurisdiction of the county board which we need not here discuss. The board took no action in the matter at that time. On May 8, 1935, the county board passed a second resolution preferring some additional charges against plaintiff and setting a hearing thereon for May 21. A hearing was had on that day and further evidence taken. Plaintiff appeared and testified. Thereafter, on May 22,

the county board, by resolution, found that the charges made were sustained by the evidence, approved the order made by the county highway engineer on May 15 suspending the plaintiff from his position, and ordered that the suspension be made permanent and that plaintiff's application to be continued in his employment be denied.

■ The findings of the county board are: That the plaintiff is not qualified by ability, judgment, or experience properly to fill the position occupied by him during the past year as road patrol foreman or road grader foreman for St. Louis county, and that he lacks that reasonable judgment and skill required in handling his work as road patrol foreman and road grader foreman in charge of road maintenance work. There was a further special finding that the evidence sustained the charges specified in the resolution of the board adopted on May 8, 1935, included in paragraphs numbered 1, 2, 3, 4, and 5 of said resolution. That resolution included also the charges of lack of qualification, ability, judgment, or experience to fill the position in question.

The governing statute, 1 Mason Minn. St. 1927, § 4369, provides that no honorably discharged soldier or sailor who served in the World War shall be removed from his employment by the state or any county or city except for incompetency or misconduct shown after a hearing, upon due notice, upon stated charges, and with the right to review by writ of *certiorari*. It further provides that the burden of proving incompetency or misconduct shall rest upon the party alleging the same.

■ Plaintiff's counsel argues that we should hold that this statute so enlarges the scope of review by this court under a writ of *certiorari* that we become triers of the fact and must weigh the evidence, pass upon the credibility of witnesses, and determine the preponderance of the evidence. We do not so hold. This statute does not confer upon this court original jurisdiction to try the case, and we have only appellate jurisdiction under art. 6, § 2, of the state constitution. The scope of review here on writs of *certiorari* to review the acts or decisions of county boards and other officials of the state and of counties has been well established. As complete a statement as any is that contained in the opinion in State ex rel.

Dybdal v. State Securities Comm. 145 Minn. 221, 225, 176 N. W. 759, 761, opinion by Mr. Justice Dibell, reading as follows:

"The review which the court can make of a finding of the commission is limited. It cannot disturb the commission's determination because it does not agree with it. It can only interfere when it appears that the commission has not kept within its jurisdiction, or has proceeded upon an erroneous theory of the law, or unless its action is arbitrary and oppressive and unreasonable so that it represents its will and not its judgment, or is without evidence to support it. This principle of review is applied when it is sought to review by mandamus or on statutory appeal the exercise of the various functions committed by the legislature to different boards and commissions." Numerous cases are cited.

The statute here in question does place the burden of proof upon the defendants. That, in effect, presents the same question for review as is frequently raised in cases coming before this court, where it is claimed the evidence is insufficient to sustain a verdict of a jury or a finding of a court or tribunal. We determine here whether there is evidence reasonably sufficient to sustain the verdict or findings of the court or trier of the facts. To that extent the statute here considered may be said to extend the scope of our review, although we have held substantially the same rule applicable in cases where the relevant statute was silent as to burden of proof. This court, as held in In re Removal of Nash, 147 Minn. 383, 388, 181 N. W. 570, 572, and other cases, may examine the evidence to ascertain whether it furnishes any reasonable or substantial basis for the decision. "It cannot reweigh the evidence for the purpose of determining where the preponderance lies, nor substitute its judgment as to the credibleness of the testimony of a witness for that of the tribunal charged with the duty of determining the facts."

In workmen's compensation cases the statute gives this court original jurisdiction on review by *certiorari,* yet we do not retry the fact questions but review the sufficiency of the evidence to sustain the findings of the commission in the same way as we review findings of a court or jury in civil actions. Ott v. Standard Cattle

Co. 170 Minn. 410, 212 N. W. 813. If the findings have a substantial basis in the evidence they will not be disturbed by this court. Belanger v. Masonic Temple Assn. 153 Minn. 281, 190 N. W. 184. If on the evidence the commission could have found either way, this court cannot disturb such findings. Brokmeier v. Lamb, 170 Minn. 143, 212 N. W. 187. If upon the evidence reasonable minds might reach different conclusions, the findings will be sustained. Gabler v. Township of Bertha, 169 Minn. 413, 211 N. W. 477. A finding upon a question of fact by the commission cannot be disturbed unless consideration of the evidence and the permissible inferences therefrom clearly require reasonable minds to adopt a conclusion contrary to the one at which the commission arrived. Krueger v. King Midas Mill. Co. 169 Minn. 153, 210 N. W. 871. Findings made by the commission are disturbed only when found to be made upon an erroneous theory or when contrary to a conclusion demanded by all the evidence. Walker v. Minnesota Steel Co. 167 Minn. 475, 209 N. W. 635.

The county board held two hearings and saw and heard the witnesses, including the plaintiff. There were seven members of the board. Six of them agreed upon the findings. One member disagreed. The trial court, on the same record as now before us, affirmed the findings of the board. The special charges contained in paragraphs 1, 2, 3, 4, and 5 of the accusation are, in substance:

(a) That plaintiff failed to obey the order of the road superintendent to drag one of the roads in his district and neglected to drag another road when he should have done so;

(b) That he made unnecessary trips back and forth over one of the roads;

(c) That he permitted a third party to pile cordwood on the highway in a position dangerous to travel;

(d) That he directed one Johnson to remove a clock from one of the automobiles owned by the county, and the clock was so removed;

(e) That he ordered road grading done on a Sunday and continued such grading when not necessary and until stopped by the superintendent.

Sunday work was paid for by the county at one and one-half times as much as work on other days. There is some evidence tending to support each of these charges. True, the plaintiff denied or gave some explanation as to each of them which would have sustained findings by the county board that these charges were unfounded or unimportant and lacked substantial merit. But we do not weigh the evidence here. There was evidence that plaintiff on two or three occasions was absent from his employment during working hours. There was evidence that he had no experience in operating the heavy grader used in this work and did not know how to operate this expensive machine. He testified that he was furnished an inexperienced man to operate it. If the man who was to operate the grader under plaintiff's supervision was inexperienced and did not know how to operate the machine, it might be quite important that the plaintiff, his supervisor, should be able to instruct the man how to operate it and do his work. The evidence returned has received careful consideration. Taken as a whole, it is sufficient to sustain the findings of the county board.

It is contended that the district court erroneously limited the scope of its review. Its order was one affirming the decision of the county board. The court's memorandum, accompanying its order, does not indicate any erroneous limitation on the scope of review.

■ Complaint is made that the charges first made on January 12 were too general and the county board refused to make them more specific. However, the action finally taken by the county board was based on the charges made in the resolution of May 8, to which charges no objection of that kind was made. The evidence taken on the January 12 charges was taken down by a reporter and transcribed. As far as this evidence related to the charges of May 8 following, it was properly considered by the board in arriving at its decision. It was not necessary to retake the evidence already given.

The Iowa cases cited for plaintiff have been examined. As far as they establish a different rule, in that state, as to the degree of proof required or the scope of review in a case of this kind, we are

not prepared to follow them. Our own decisions settle these questions in this state.

The judgment appealed from is affirmed.