## EDWARD S. HUGHES v. DEPARTMENT OF PUBLIC SAFETY OF THE CITY OF ST. PAUL AND ANOTHER.[1]

May 21, 1937.

No. 31,124.

[1]Reported in 273 N. W. 618.

*John J. Keefe* and *Frank J. O'Keefe,* for appellant.
*John L. Connolly* and *Louis P. Sheahan,* for respondents.

GALLAGHER, CHIEF JUSTICE.

This is an appeal from a judgment of the district court of Ramsey county, entered pursuant to findings, conclusions, and an order made by the Honorable Richard D. O'Brien, one of the judges of said court, sustaining the decision of the board of appeal or referees of the city of St. Paul in finding appellant, Edward S. Hughes, a police officer of said city, guilty of inefficiency, breach of duty, and misconduct and in ordering his removal from the service.

The proceedings originated pursuant to the provisions of L. 1933, c. 409, 3 Mason Minn. St. 1936 Supp. §§ 1465-1 to 1465-8. That act provides for the appointment of a board of appeal or referees, the filing of charges of inefficiency, breach of duty, misconduct, or demotion against regularly employed civil service employes in cities of the first class, the hearing of said charges by said board of appeal or referees, and defines its powers and duties.

Prior to the passage of the act referred to, removal of a police officer was by act of the commissioner of public safety of the city of St. Paul under applicable charter provisions.

Appellant became a member of the police department of the city of St. Paul in 1920 and remained such until November 4, 1932, when he resigned by request. He was reinstated on October 1, 1933, and promoted to the grade of detective. From that date he continued in the service until January 4, 1935, at which time he was given written notice that charges of inefficiency, breach of duty, and misconduct had been preferred against him. The notice was from the commissioner of public safety and was in the following form:

"You are hereby charged with inefficiency, breach of duty and misconduct in the performance of your duties as an employe of the City of St. Paul, in that since your appointment to the police force on November 23rd, 1920, you were guilty of neglect of duty for which you were suspended on May 25th, 1921; you were again guilty of neglect of duty for which you were suspended July 14th, 1924; you were guilty of misconduct for which you were suspended May 8th, 1931, at which time you admitted spending the night in company with one Mrs. Gladys Elliott, alleged to be a married woman, at the Carlton Hotel and which affair culminated in your being shot in the hand by said woman in a drunken argument; you were again guilty of misconduct for which you were suspended on July 17th, 1931, for intoxication; you were again guilty of misconduct for which you were suspended September 14th, 1931; you absented yourself from Police Training School without excuse, for which you were reprimanded on April 27th, 1932; you were reprimanded for misconduct on June 15th, 1932, for intoxication and causing a public disturbance; you were guilty of misconduct and inefficiency for which you were suspended on September 10, 1932, at which time you admittedly released a man who was violating the law, said party insisting that you attempted to extort money from him for his release; you were again guilty of misconduct and intoxication on November 3rd, 1932, for which you were removed from the force by being permitted to resign on November 4th, 1932; you were again guilty of neglect of duty and misconduct when on September 4th, 1934, you left your assigned place of duty, were under the influence of intoxicating liquor and were involved in an accident in which you drove a car belonging to one Gladys Walker, hereinbefore mentioned as Gladys Elliott, into the rear of a car owned and driven by one Lewis Lein at University and Syndicate avenues in St. Paul.

"Your continued misconduct and inefficiency shown throughout your service in the department has brought disgrace upon the service through numerous newspaper stories and editorials.

"Under the law, if you desire to have a hearing on these charges, you must serve notice of your demand for such hearing upon the

Commissioner of Public Safety within ten (10) days after the service of these charges.

"In the event you do not demand such hearing under the law your discharge will become absolute."

Within ten days after receipt of this notice appellant demanded a hearing before the board of appeal or referees, as provided by L. 1933, c. 409. The board was composed of three members appointed according to the provisions of the act referred to. At the close of the proceedings an order was made by the board, concurred in by two of the members and dissented from by one member, finding appellant "guilty" as charged, and ordering him removed from service. The district court, upon hearing, affirmed the findings of the board of appeal or referees.

Appellant bases his appeal upon two propositions:

(1) That it was improper for the board to consider incidents which occurred prior to October 1, 1933, in determining the charges preferred against him; and

(2) That the record disclosed no misconduct upon the part of appellant subsequent to October 1, 1933, that would warrant his removal.

We will discuss these questions in the ordered referred to.

■ The record discloses that the board received in evidence, over appellant's objection, his service record. That record showed, among other things, the following:

May 25, 1921, suspended for neglect of duty.
June 4, 1921, reinstated.
July 14, 1924, suspended for neglect of duty.
July 19, 1924, reinstated.
May 8, 1931, suspended for conduct unbecoming an officer.
May 13, 1931, reinstated.
July 17, 1931, suspended for conduct unbecoming an officer.
July 24, 1931, reinstated.
September 14, 1931, suspended for conduct unbecoming an officer.
September 17, 1931, reinstated.

April 27, 1932, reprimanded for being absent from training school without excuse April 23, 1932.

June 15, 1932, reprimanded by chief for conduct unbecoming an officer.

September 10, 1932, suspended for 30 days for neglect of duty.

October 10, 1932, returned to duty.

November 4, 1932, resigned by request.

October 1, 1933, reinstated as detective.

Counsel for appellant strenuously contends that the acts of misconduct referred to in appellant's service record all occurred prior to the passage of L. 1933, c. 409, and that such acts could not be considered by the board of appeal or referees in passing upon the guilt or innocence of appellant in connection with the present charges of misconduct, breach of duty, and inefficiency. In other words, he contended that, appellant having paid the penalty for his previous misdeeds and having been reinstated into the service, the slate was wiped clean insofar as such misdeeds were concerned, and that charges preferred subsequent to the passage of the act, now applicable, must stand or fall upon the basis of appellant's record subsequent to the passage of that act.

Insofar as such acts apply to charges of misconduct upon which appellant's removal is asked, we agree that the service record should not and could not be taken into consideration by the trial board. Where a police officer is charged with having committed a specific act of misconduct, his record of previous demerits is not competent evidence which the board may consider for the purpose of determining guilt or innocence of a specific charge. People ex rel. Kiebrick v. Roosevelt, 1 App. Div. 577, 37 N. Y. S. 488; People ex rel. Dermody v. York, 50 App. Div. 359, 64 N. Y. S. 2; People ex rel. Quirk v. York, 52 App. Div. 295, 65 N. Y. S. 130.

If the service record of an officer is introduced in evidence it may, however, be considered by the board in fixing punishment after it has found the charge to be true upon evidence other than his record. People ex rel. Butts v. MacLean, 60 Hun, 577, 14 N. Y. S. 77; People ex rel. Simermyer v. Roosevelt, 2 App. Div.

498, 37 N. Y. S. 1083; People ex rel. Morgan v. Roosevelt, 5 App. Div. 328, 39 N. Y. S. 290; People ex rel. Fitzgibbons v. Roosevelt, 13 App. Div. 404, 43 N. Y. S. 73; People ex rel. O'Neill v. Roosevelt, 17 App. Div. 301, 45 N. Y. S. 260; Mayor of Medford v. Judge of Dist. Court, 249 Mass. 465, 144 N. E. 397; Fronsdahl v. Civil Service Comm. 189 Iowa, 1344, 179 N. W. 874.

In addition to the charges of breach of duty and misconduct in this case, reference to which will be made hereafter, appellant was also charged with inefficiency. A man's prior record has an important bearing upon the question of his efficiency or inefficiency. It would be a sorry state of affairs if civil service boards in passing upon the qualifications of applicants for appointment were confined upon consideration of the question of efficiency to the applicant's record in that respect as of the day his application was being considered and were prevented from considering or reviewing applicant's past record.

In considering the effect of charges of incompetency and inefficiency, this court in the case of State ex rel. Hart v. Common Council, 53 Minn. 238, 246, 55 N. W. 118, 121, 39 A. S. R. 595, said:

"We agree with counsel that 'incompetency' and 'inefficiency' in the discharge of official duty may be good grounds for removal, and that it may not be necessary to specify in detail particular acts or facts. But these words are so general that they may mean anything or everything which might constitute good cause for removal. For example, incompetency might result from physical disability, from mental disability, or from lack of integrity, etc. So, inefficiency might consist of habitual neglect of duty, incapacity to preserve discipline, or of a variety of things. Hence, while it is not required to go into details, yet the charges ought at least to advise the officer in what respect he is claimed to be incompetent or inefficient."

It appears to us that in the specification of charges bearing date January 4, 1935, the commissioner of public safety not only specifically charged appellant with inefficiency, but also specifically set forth the facts which tended to advise appellant wherein it was claimed he was inefficient.

Inefficiency, as pointed out by the court in the case of State ex rel. Hart v. Common Council, 53 Minn. 238, 55 N. W. 118, 39 A. S. R. 595, does not consist of a separate act but embraces a course of conduct, a lack of integrity, or limitation of capacity. If appellant's contention is correct that once a breach of duty or misconduct has been passed upon by the proper authority and punishment in the discretion of that party has been meted out to the offender then no subsequent action involving that matter can ever be taken against appellant, it would be but seldom that there would be sufficient acts available to put in evidence to prove a charge of inefficiency regardless of how flagitious had been the officer's career in the public service. The charge of inefficiency is a charge distinct from that of breach of duty or misconduct. Inefficiency denotes incapability for office, while misconduct denotes an improper discharge of the duties of the office. While an officer may not twice be punished for the same misconduct, the act of misconduct may later be used against him to prove that he is unfit for office because of inefficiency. See Mayor of Medford v. Judge of Dist. Court, 249 Mass. 465, 473, 144 N. E. 397, 399. There the court said:

"The previous record of Fitzpatrick in the police department well might have been considered on the question of the ultimate action on other charges; it could not have been made or used as a ground for removal unless specified as one of the 'reasons specifically given in writing' under G. L. c. 31, § 44."

As bearing upon the question of inefficiency, the board of appeal or referees had before it for consideration not only the service record of appellant but also certain acts and conduct of appellant claimed to have been committed on September 4, 1934. In view of the references we will make concerning these acts in the following subdivision of this opinion, we merely comment that appellant's conduct on that evening could be and no doubt was considered by the board not only as bearing upon the question of misconduct but also as bearing upon the question of his inefficiency. We hold that the service record was properly received as evidence by the board of appeal or referees on the question of appellant's inefficiency and

that such evidence, together with the evidence adduced at the hearing concerning the conduct of appellant on the night of September 4, 1934, was sufficient to sustain a finding of inefficiency by the board of appeal or referees, and this of itself would warrant his removal.

■ Do the acts of appellant committed on September 4, 1934, constitute such a breach of duty or misconduct as would warrant his removal? We think they do. He was assigned to a certain specified duty on the evening of September 3, 1934. He was told by his superior officer to remain at the place assigned until seven o'clock the next morning. Within a short time after assuming the duties to which he was assigned appellant was involved in an automobile accident at some considerable distance from his post of duty. While he attempted to explain his absence from the post of duty, the explanations given by him were so conflicting that a fact-finding body could well have found them to be untrue. He told officer McLeod that he had left the post of duty for the purpose of getting a lunch. He later told another police officer that he left his assigned post in order to apprehend a suspect. On another occasion he gave an account that conflicted with both of the reports just referred to. Although a married man, he spent the evening of September 3 at a show with a woman named "Gladys Walker." He spent some time in a saloon with Gladys Walker before going to the show. The attending physician testified that there was an odor of liquor on his breath immediately following the automobile accident. On account of the seriousness of the injuries sustained by appellant, the physician was unable to apply the ordinary test to determine whether he was intoxicated.

Carefully analyzed, it seems to us that the board was justified in finding a breach of duty and misconduct on the part of appellant on September 4, 1934. While the incidents involved on the evening of September 3 may have merited a more charitable consideration in the case of a man with a previous good record, we cannot say that the board was not justified in finding misconduct on his part as of that date.

■ Appellant raises the further question that specific findings of fact and conclusions of law were not made by the trial court and for that reason the judgment appealed from cannot stand. L. 1933, c. 409, does not contemplate a trial *de novo*. The act specifically limits the question for determination by the court to the following [§ 5 (B)]: "Upon the evidence was the order of the Board of Appeal or Referees reasonable?"

Section 4 of the act provides as follows:

"The Board, or member thereof, in making an investigation, or conducting a hearing under this Act shall make such investigation, or inquiry, or conduct such hearings, in such manner as to ascertain the substantial rights of the parties, and all findings of fact shall be based upon reviewable evidence."

Section 5 (A) provides as follows:

"Findings and determination hereunder and orders of suspension, reduction or removal shall be in writing and shall be filed within three days after the completion of such hearing with the secretary of the Board of Appeal or Referees, and it shall be the duty of the secretary to notify such employee of said decision in writing."

Section 5 (B) provides as follows:

"Any person suspended, reduced or removed by the Board of Appeal or Referees after the investigation may appeal from the order to the District Court by serving written notice thereof upon the secretary within ten days after the filing of said order or the receipt by said employee of said order as above provided. Within five days thereafter the secretary shall certify to the clerk of the District Court the record of the proceedings, including all documents, testimony and minutes. The case shall then be at issue and shall be placed upon the calendar of the clerk of District Court to be tried before the Court without jury at the next general term thereof to be held in the county where said city is located at the place nearest said city. The question to be determined by the Court shall be:

" 'Upon the evidence was the order of the Board of Appeal or Referees reasonable?' After trial in the District Court an appeal

may be taken from the decision thereof to the Supreme Court by such employee or the Board of Appeal or Referees in the same manner as provided for in other Court cases."

It is very apparent that all that was ever contemplated by the act insofar as the district court was concerned was a review of the evidence submitted to the board of appeal or referees to determine whether under the evidence the order of that board was reasonable and whether it was based upon legal evidence. The question as to whether the order was reasonable could not be determined upon new facts submitted to the trial judge, nor would there be any necessity of certifying a record of the proceedings including "all documents, testimony, and minutes" if the case was to be tried on new evidence submitted to the trial court. We hold that the procedure followed was correct.

The function of the board of appeal or referees in hearing charges is quasi-judicial, but its essential nature is administrative. State ex rel. Hart v. Common Council, 53 Minn. 238, 55 N. W. 118, 39 A. S. R. 595. It is not bound to a strict observance of the rules of evidence governing purely judicial tribunals. Incompetent evidence will not cause the decision of an administrative board to be set aside where there is sufficient competent evidence to sustain it. State ex rel. Hart v. Common Council, 53 Minn. 238, 55 N. W. 118, 39 A. S. R. 595. Crane v. Jersey City, 90 N. J. L. 109, 103 A. 678; affirmed 92 N. J. L. 248, 103 A. 1051; Bradycamp v. Metzger, 310 Pa. 320, 165 A. 387.

It is not for this court to determine what is the preponderance of evidence. Its sole function is to see if there was substantial evidence reasonably supporting the decision reached. State ex rel. Hart v. Common Council, 53 Minn. 238, 55 N. W. 118, 39 A. S. R. 595; State ex rel. Pete v. Eklund, 196 Minn. 216, 264 N. W. 682.

In the case of State ex rel. Kinsella v. Eberhart, 116 Minn. 313, 321, 133 N. W. 857, 860, 39 L.R.A.(N.S.) 788, Ann. Cas. 1913B, 785, the court said:

"The decision will not be reversed if there is any evidence of a legal and substantial basis reasonably tending to support it. Rul-

26

ings on evidence may be considered, but a strict compliance with legal procedure is not required."

We find no difficulty in reaching the conclusion that there was sufficient evidence of inefficiency, breach of duty, and misconduct on appellant's part to warrant the action of the board of appeal and referees and that the trial court could have reached no conclusion other than to affirm the board's action.

Judgment affirmed.

