STATE EX REL. A. E. LUND v. CITY OF BEMIDJI AND OTHERS.[1]

December 27, 1940.

Nos. 32,529, 32,530.

*George L. Bargen,* for appellants (respondents below).
*C. L. Pegelow,* for respondent (relator below).

GALLAGHER, CHIEF JUSTICE.

The city of Bemidji is a city of the fourth class and operates under a home rule charter. Its governing body consists of a mayor and eleven councilmen.

In January, 1935, the city completed the construction of a sewage disposal plant. At that time respondent applied for and was appointed to the position of operator of the plant. In his application he stated that he had "been a resident of Bemidji for 20 years with the exception of the time spent in the United States army during the World War." Respondent was reappointed by the council at its organization meeting in March, 1935, and each year thereafter until 1939, when his application was rejected and another applicant, not a veteran, was employed. He filed an application each of the intervening years but made no reference in any of them, except the first, to his status as an honorably discharged

soldier. Although present at. the council meeting on March 6, 1939, when his application was rejected, respondent did not protest the action of the council or take any part in the proceedings.

On March 24, 1939, respondent caused to be served on the city council a notice in which he stated that he was an honorably discharged soldier and as such entitled to the rights and benefits of the soldiers preference act. He demanded reinstatement and compensation from the date of the attempted discharge. Following this the mayor served and filed written specifications charging respondent with incompetency and misconduct in the performance of his duties as operator of the plant and fixed a hearing on such charges for April 17, 1939. At that time the city council met and heard evidence on the charges.

On May 11, 1939, the council adopted a resolution in which it found a substantial part of the charges true and ordered respondent's removal and discharge. He thereupon instituted two actions against the city and the individual members of the council. One was in *mandamus* to compel appellants to pay his wages as operator of the plant from March 6, 1939, the date of the attempted discharge, until May 11, 1939, the date of the determination on the charges preferred by the mayor. The other action was in *certiorari* to review the sufficiency of the evidence upon which the discharge was based.

Both proceedings were tried by the court without a jury in October, 1939, under a stipulation that all of the evidence had upon the trial should apply equally to both proceedings insofar as it might be material. In the *mandamus* action, tried on October 23, the court found that the attempted discharge on March 6, 1939, was illegal and directed appellants to issue warrants to respondent in payment of his salary for the period claimed. The decision in that case was based upon the theory that respondent could not be discharged without notice and hearing as provided in the soldiers preference act. In the *certiorari* proceedings, tried on October 26, the trial court found that the evidence taken before the city council in the removal proceedings was insufficient to sus-

tain a finding of incompetency and that the action of the city council in discharging respondent was arbitrary, oppressive, and unreasonable. It ordered judgment quashing the proceedings had before the city council. There was no motion for amended findings or for a new trial in either proceeding.

■ It is conceded that respondent is an honorably discharged soldier. Appellants contend, however, that by his conduct he has waived the right to preference under the soldiers preference act and has estopped himself from asserting such right. They claim that respondent never notified them of his status as an honorably discharged soldier and never informed them that he claimed any rights under the soldiers preference act except insofar as he referred in his first application to the fact that he had been in the army. They further contend that respondent's employment was for a fixed time terminating each year and that he acquiesced in that arrangement by filing a new application for appointment and accepting a new appointment each year of his employment.

This court in State ex rel. Castel v. Village of Chisholm, 173 Minn. 485, 217 N. W. 681, determined these contentions adversely to appellants' claims. In that case relator, an honorably discharged soldier employed by the village of Chisholm, was discharged from his employment without notice or hearing. He promptly applied for a hearing and reinstatement, which were denied. He then brought *mandamus* under G. S. 1923, §§ 4368 and 4369. The trial court found in relator's favor and directed judgment for his reinstatement. This court on review held that the soldiers preference act does not prescribe or require formal notice to the employer of the status of an employe under the act; that it is sufficient if the officer or board having the power of appointment and removal has knowledge of the preference rights of the employe at the time it takes action.

In the instant case the city had notice of respondent's status at the time of his original employment. If that employment was continuous rather than for a fixed period, it follows that he could not be removed "except for incompetency or misconduct shown

after a hearing, upon due notice, upon stated charges," in accordance with the provisions of 1 Mason Minn. St. 1927, § 4369. This court in the Chisholm case also held that employment of a nature similar to that here involved was not for a fixed term but was continuous until terminated by removal proceedings in accordance with the soldiers preference act. Commissioner I. M. Olsen, speaking for the court, said (173 Minn. 489, 217 N. W. 682):

"Plaintiff was not a deputy or employe of the village council. He was an employe of the municipality, the village. He was not employed for any fixed or definite term and, as held in the Oikari case, 170 Minn. 301, 212 N. W. 598, the council had power to remove him at pleasure 'unless the power of removal is restricted by statutory law.' In the soldiers preference act we find such restriction. The act is in the nature of a civil service law. It is intended to remove from the hazard of political changes the class of employes therein provided for. If the intention was that the terms of employes under that act should expire automatically at the expiration of the term of office of the appointing officer or board, the law would be of little benefit and would throw these employments back under the spoils system from which it is sought to remove them."

What was said in State ex rel. Castel v. Village of Chisholm, 173 Minn. 485, 217 N. W. 681, is equally applicable in this case. Respondent's original application, which became a part of the city's records, referred to his army service. There being no showing to the contrary, the presumption is that respondent was honorably discharged from the army. It must also be presumed that the council took his status as an honorably discharged soldier into consideration when it employed him in January, 1935, as there were other applicants at that time, some of whom were not veterans.

There being nothing in the city charter fixing the term of respondent's employment, it was continuous, and he could not be removed except for incompetency or misconduct as provided by 1 Mason Minn. St. 1927, § 4369. The fact that he filed applica-

tions for each of the subsequent years which were acted upon by the city council did not change the plain intent of the soldiers preference act. State ex rel. Tamminen v. City of Eveleth, 189 Minn. 229, 249 N. W. 184, 99 A. L. R. 289. Lack of faith in the position now taken by appellants that respondent waived his right to preference no doubt prompted the city council to prefer charges and conduct a hearing.

The *mandamus* action was correctly disposed of by the trial court, and its judgment is affirmed.

■ In the *certiorari* proceedings the trial court found that the action of the city council in dismissing and removing respondent was not supported by evidence of a "legal and substantial basis" and was "arbitrary and oppressive and unreasonable." It ordered judgment quashing the proceedings of the city council. The question for our determination is whether the trial court was justified in making the findings and reaching the conclusion it did.

Being a war veteran, respondent could not be discharged except by proceedings under 1 Mason Minn. St. 1927, § 4369, which provides:

"No person holding a position by appointment or employment in the state of Minnesota or in the several counties, cities or towns thereof, who is * * * an honorably discharged soldier, sailor or marine, * * * shall be removed from such position or employment except for incompetency or misconduct shown after a hearing, upon due notice, upon stated charges, and with the right of such employe or appointee to review by writ of certiorari. The burden of proving incompetency or misconduct shall rest upon the party alleging the same."

The rules governing a court on writs of *certiorari* to review the decisions of boards and commissions are clearly stated in State ex rel. Dybdal v. State Securities Comm. 145 Minn. 221, 225, 176 N. W. 759, 761. We quote from the opinion of Mr. Justice Dibell in that case:

"The statute provides for a review of the determination of the commission by the supreme court on certiorari. The review which

the court can make of a finding of the commission is limited. It cannot disturb the commission's determination because it does not agree with it. It can only interfere when it appears that the commission has not kept within its jurisdiction, or has proceeded upon an erroneous theory of the law, or unless its action is arbitrary and oppressive and unreasonable so that it represents its will and not its judgment, or is without evidence to support it. This principle of review is applied when it is sought to review by mandamus or on statutory appeal the exercise of the various functions committed by the legislature to different boards and commissions."

This rule was adopted and applied in a number of other cases, including State ex rel. Pete v. Eklund, 196 Minn. 216, 264 N. W. 682, a removal proceeding under the statute herein involved. This court construing the statute in the Eklund case said (196 Minn. 219, 264 N. W. 684):

"The statute here in question does place the burden of proof upon the defendants. That, in effect, presents the same question for review as is frequently raised in cases coming before this court, where it is claimed the evidence is insufficient to sustain a verdict of a jury or a finding of a court or tribunal. We determine here whether there is evidence reasonably sufficient to sustain the verdict or findings of the court or trier of the facts. To that extent the statute here considered may be said to extend the scope of our review, although we have held substantially the same rule applicable in cases where the relevant statute was silent as to burden of proof."

See also State ex rel. Cote v. Village of Bovey, 191 Minn. 401, 254 N. W. 456.

Eight separate specifications were listed in the charges preferred against respondent. Those found true by the city council may be divided into four groups: (1) That he carelessly and negligently suffered and permitted the machinery and equipment of the plant to deteriorate through lack of proper lubrication and attention; (2) that he carelessly and negligently permitted pieces of equipment appertaining to the plant to become detached and to

be strewn about the premises so as to become unnecessarily exposed to the weather and subject to loss and breakage; (3) that he failed to keep the premises in a neat and clean condition; and (4) that the lights in the dome of the filter bed of the plant were burned out for a long period of time and that respondent carelessly and negligently failed to replace them.

There was some evidence in support of all of the charges, particularly with reference to a lack of lubrication of the machinery. As indicated in the memorandum attached to the decision, the alleged acts upon which the charge of incompetency is based were all explained to the satisfaction of the trial court and, we might add, to our satisfaction if the matter was before us as an issue of fact. But we are not the triers of fact nor was the trial court. The charges required explanation to the satisfaction of the city council. While a disinterested person might look with suspicion upon the discharge of an employe who for about four years had operated the plant without any serious complaint as to his services, nevertheless, if there was evidence upon which reasonable minds might differ as to his competency, the action of the discharging body cannot be overturned regardless of what unseen motives may have prompted it. State ex rel. Cote v. Village of Bovey, 191 Minn. 401, 254 N. W. 456. Some of the criticisms directed against respondent are of a flimsy nature, but there was considerable testimony to the effect that he failed properly to lubricate the machinery in the plant and that such failure contributed to deterioration. If true, such failure would reflect upon respondent's competency. The fact that natural wear and tear may have also entered into the picture does not absolve respondent from negligence if neglect there was.

The trial court was of the opinion that the city council applied to respondent the test of perfection rather than that of reasonableness in the performance of his work. We do not believe that the record requires that deduction. There is sufficient evidence upon which the council could find a lack of reasonable efficiency, and that is all that is required.

The judgment of the trial court vacating the proceedings of the city council is reversed.

