## RICHARD S. WEBSTER v. JAMES C. MARSHALL, COMMISSIONER OF HIGHWAYS.

### 133 N. W. (2d) 533.

### February 11, 1965—No. 39,426.

*Walter F. Mondale,* Attorney General, *Perry G. Voldness,* Deputy Attorney General, and *John R. Murphy,* Special Assistant Attorney General, for appellant.

*Robins, Davis & Lyons, Kenneth E. Tilsen,* and *George Latimer,* for respondent.

OTIS, JUSTICE.

These proceedings seek review of an order entered by the commissioner of highways dismissing petitioner, Richard S. Webster, from service as a Minnesota highway patrolman. The district court found

the discharge to be arbitrary, unreasonable, capricious, and discriminatory, and directed that petitioner be suspended without pay from September 28, 1963, until January 31, 1964, and that he thereafter be reinstated. From that order the commissioner appeals.

The facts are not in dispute. On September 28, 1961, petitioner secured the commissioner's consent to accept outside employment as a part-time truckdriver. Subsequently, on December 12, 1961, all members of the highway patrol were notified that truckdriving was thereafter prohibited. Specific rescission of his previous permission was served on petitioner March 2, 1962. Notwithstanding these directives, petitioner continued to work as a truckdriver until August 8, 1963, when he was reported by the Wisconsin authorities for operating an overweight vehicle. Thereupon petitioner was formally charged with willfully disobeying the commissioner's rules and regulations. A hearing was conducted and his dismissal recommended by the assistant commissioner of highways. The commissioner's order of dismissal followed. Petitioner sought review in the district court by certiorari.

Portions of the pertinent statute, Minn. St. 161.47, are as follows:

"Subd. 8. Causes for suspension, demotion, or discharge shall be:

\* \* \* \* \*

"(2) Neglect of duty or wilful violation or disobedience of orders or rules;

\* \* \* \* \*

"Subd. 10. \* \* \* If after such hearing he [the commissioner] finds that any such charge made against such state employee is true, he may punish the offending party by reprimand, suspension without pay, demotion, or dismissal.

"Subd. 11. Any state highway patrolman who is so suspended, demoted, or dismissed may have such decision or determination of the commissioner reviewed by a writ of certiorari in the district court of the county where such patrolman resides. If such decision or determination of the commissioner shall be finally rejected *or modified* by the court, the patrolman shall be reinstated in his position, \* \* \*." (Italics supplied.)

Petitioner has not put in issue the propriety of the regulation against

truckdriving. He concedes that he had knowledge of the rule and that he willfully violated it. However, he seeks to justify his behavior by asserting he faced contempt of court for nonsupport unless he secured additional employment to enhance his income.

The entire thrust of petitioner's argument is that the commissioner drastically departed from precedent in imposing punishment of dismissal after condoning, with only a period of suspension, offenses which petitioner claims were more flagrant and reprehensible.

In the district court, over the objection of the commissioner, petitioner introduced in evidence a summary of all the disciplinary proceedings taken against members of the highway patrol since the year 1940. On the basis of these records, it appears that at various times members of the patrol have been found guilty of consuming intoxicating liquor while in uniform, fighting in a public place, petit larceny, and other offenses involving immorality and violations of the law. Petitioner showed that in all such cases discipline was confined to a period of suspension. Only in four or five instances were officers dismissed from service for willful disobedience, two of them having taken leaves of absence under false pretenses to work elsewhere, and two of them having run for public office without resigning from the force. The trial court noted in its memorandum that the petitioner had good cause for seeking outside employment; that other outside work was permitted; that the penalty was unduly harsh and was discriminatory, unreasonable, arbitrary, and capricious. In addition, the trial court held that the disparity in treatment relative to previous offenses and offenders was an independent ground for setting aside the commissioner's decision.

The commissioner assigns as error (1) the receipt in evidence of the records of previous disciplinary proceedings, and (2) the court's action in reducing the dismissal to a suspension. We are of the opinion that the order of the trial court must be reversed and the decision of the commissioner reinstated, but do not feel compelled to pass on the propriety of the trial court's receiving the evidence referred to.

1. Petitioner makes much of the authority given to the trial court by § 161.47, subd. 11, to *modify* the decision of the commissioner. However, in our opinion any construction of the statute which would

permit the court to substitute its judgment for that of the commissioner in matters relating to administrative policy collides with the provisions of the constitution dealing with the division of governmental powers. Minn. Const. art. 3, § 1; footnote 3, *infra*.

Petitioner also stresses the fact that unlike the Civil Service Commission and other independent tribunals exercising quasi-judicial powers, the commissioner is in effect prosecutor, judge, and jury. While not advocating the right to a trial de novo, it is petitioner's position that under the circumstances the district court should be accorded great latitude in determining the propriety of the commissioner's decision. This, however, is not the office of the writ of certiorari. In Minnesota we have adopted the traditional view that the trial court's function is limited to determining whether the evidence furnishes any legal and substantial basis for the decision, reasonably tending to support the administrative ruling, or whether the commissioner's action is arbitrary, oppressive, and unreasonable so that it represents his will and not his judgment.[1] Even where the commissioner's action is unauthorized, exceeds his jurisdiction, or misapplies the law, it is not the prerogative of the district court in certiorari proceedings to arrive at an independent judgment determining what administrative decision is appropriate. The court is limited to a determination of whether the commissioner should be sustained or reversed. Notwithstanding the use of the word "modify" in the statute, if his decision is one which cannot be affirmed it is the duty of the court to remand the matter for further administrative action consistent with the rules the court prescribes.[2] We have

---

[1]State ex rel. Hart v. Common Council, 53 Minn. 238, 242, 55 N. W. 118, 119; Steenerson v. G. N. Ry. Co. 69 Minn. 353, 375, 72 N. W. 713, 716; State ex rel. Kinsella v. Eberhart, 116 Minn. 313, 321, 133 N. W. 857, 860, 39 L. R. A. (N.S.) 788; State ex rel. Dybdal v. State Securities Comm. 145 Minn. 221, 225, 176 N. W. 759, 761; State ex rel. Pete v. Eklund, 196 Minn. 216, 219, 264 N. W. 682, 684; Hughes v. Dept. of Public Safety, 200 Minn. 16, 25, 273 N. W. 618, 623; State ex rel. Ging v. Board of Education, 213 Minn. 550, 571, 7 N. W. (2d) 544, 556; Sellin v. City of Duluth, 248 Minn. 333, 339, 340, 80 N. W. (2d) 67, 71, 72.

[2]State ex rel. Ging v. Board of Education, 213 Minn. 550, 589, 7 N. W.

repeatedly indicated that any other procedure would be an unconstitutional intrusion into the executive branch of government by the judiciary.[3]

2. We are inclined to agree with the trial court that on the bare record before us petitioner's discharge was a harsh penalty. However, we do not concur in its conclusion that the dismissal was necessarily discriminatory, unreasonable, arbitrary, and capricious. Petitioner's own allegations recite:

"The Commissioner of Highways and other immediate supervisors of your petitioner prior to his discharge have been and now are aware of innumerable daily, regular violations of the same alleged order and regulation, the violation of which is charged against your petitioner and the action against your petitioner is discriminatory, arbitrary, capricious, unreasonable, illegal and unenforceable."

If this assertion is accurate, it is possible the commissioner found prior disciplinary action to be entirely inadequate, prompting him to take more drastic steps. It can also be argued that many of the offenses for which periods of suspension have been imposed constituted impulsive, unpremeditated behavior, in contrast to the continuing, conscious violation which characterizes the instant case. On the other hand, no moral turpitude of any kind is here involved. The petitioner's course of conduct was specifically authorized for a time, and the record indicates no reason for subsequently prohibiting this employment, beyond the possibility of a conflict of interests. Nevertheless, as judges, we are not privileged or competent to assess the need for the punishment which is appropriate in particular situations. The responsibility for enforcing regulations and maintaining morale is that of the commissioner, and, as we have suggested, it may well be that stern measures were long

---

(2d) 544, 564; State ex rel. Spurck v. Civil Service Board, 226 Minn. 240, 251, 32 N. W. (2d) 574, 581; Sellin v. City of Duluth, 248 Minn. 333, 341, note 1, 80 N. W. (2d) 67, 73.

[3]State v. G. N. Ry. Co. 130 Minn. 57, 59, 153 N. W. 247, 248; State ex rel. Ging v. Board of Education, 213 Minn. 550, 572, 7 N. W. (2d) 544, 556; N. P. Ry. Co. v. Village of Rush City, 230 Minn. 144, 153, 40 N. W. (2d) 886, 891.

overdue. Necessarily, the commissioner must be cloaked with wide discretion, and the fact we may not agree with his handling of the matter does not divest him of the right to exercise the authority conferred on him by the statute so long as his decision is not patently arbitrary, unreasonable, and capricious.[4]

It is our conclusion that under all the circumstances there was a legal and substantial basis for the commissioner's action, and it must therefore be sustained.

Reversed.

---

[4]State ex rel. Hart v. Common Council, 53 Minn. 238, 243, 55 N. W. 118, 119; State ex rel. Dybdal v. State Securities Comm. 145 Minn. 221, 225, 176 N. W. 759, 761.